WILLIAM C. HANHAM *vs.* WILLIAM F. SHERMAN.
WILLIAM F. SHERMAN *vs.* WILLIAM C. HANHAM.

A surrender of demised premises by a tenant and their acceptance by the landlord will, without any written agreement, terminate the tenancy.

A judgment for rent due under a lease, rendered upon default without release pleaded, is not, in an action for subsequently accruing rent, evidence that the term had not been, in the mean time, surrendered, and the tenant released from liability; nor is it conclusive evidence that the term had not been surrendered, and the tenant released from liability prior to the commencement of the first action.

ACTIONS OF CONTRACT. The declaration in the first action, which was to recover the sum of $600, alleged that October 18, 1870, the plaintiff was in possession of an eating saloon as tenant under a written lease from the defendant, who then agreed to pay him $600, and release him from further liability for rent in consideration of a surrender of the lease, and a conveyance of the fixtures of the saloon, and the good will of the business; that the

plaintiff thereupon delivered the property and surrendered the lease, and the defendant took possession and leased the premises to another tenant. The answer was a general denial.

The second action was for $150, one month's rent of the premises mentioned in the former declaration, due November 18, 1870, under the lease there mentioned in which Hanham covenanted to pay for the premises $1800 yearly, by equal monthly payments in advance, on the 18th of each month. The answer alleged that the lease was surrendered before the rent claimed became due.

The actions were tried together in the Superior Court, before *Rockwell,* J. The execution of the lease was admitted, and it appeared in evidence that Hanham entered into and continued in occupation under it till October 28, 1870 ; that about October 13, 1870, Hanham came to Sherman and told him that the rent was too high ; that he could not afford to pay it, and desired Sherman to release him and cancel the lease ; that Sherman declined to do so. Hanham offered evidence to show that before or on October 23, 1870, he made a verbal agreement with Sherman, whereby he agreed to surrender the lease and premises to Sherman, and to convey to him the goods and fixtures in the place for $600 ; that Sherman agreed to accept the surrender of the lease and premises, and to release him from all rent then due, being the rent due October 18, and from all accruing rent ; that on the evening of October 28, they met on the premises ; that he delivered the key and premises to Sherman, who then put another tenant in possession ; that he agreed to deliver up the lease to Sherman the next morning ; that the next morning he took it to Sherman's office and handed it to him, and left it ; that the tenant put in by Sherman remained in occupation about a week.

Sherman offered evidence to contradict this, and to show that after Hanham asked him to release him from the lease, he, Sherman, made a verbal agreement with him, by which he agreed to cancel the lease, and accept a surrender of the lease and premises, if Hanham would give to him a bill of sale of the fixtures, pay up the back rents, and cancel the lease, so that he could immediately re-let it to other parties ; that Hanham agreed to do this that October 28, in the evening, they met on the premises, where

a bill of sale was signed; that Hanham then said that he had not got the lease there, but would come in with it the next morning, and then deliver the bill of sale, and cancel the lease; that he did not put a tenant in possession; that he never accepted a surrender of the premises or lease, and that Hanham did not, on the next morning, or at any time, offer to deliver or deliver to him the lease, or bill of sale.

It was admitted that no bill of sale had ever been offered or tendered to Sherman; and that there was never any written surrender, or cancellation of the lease.

Sherman also put in evidence a judgment recovered by him against Hanham, in the Municipal Court of the city of Boston, in an action for $150, a month's rent due under the lease October 18, 1870. The writ, in that action was dated November 2, 1870, and entered in court, November 12. Hanham appeared and answered by a general denial. The action was set down for trial, and defaulted when reached, and judgment was rendered for the plaintiff, for the sum claimed.

Sherman requested the court to rule that in the absence of any agreement in writing, the facts claimed and in evidence were not sufficient to terminate the lease; that the offer and tender of the lease to Sherman, and leaving it in his office on October 29, 1870, when he declined to accept it, was not such surrender of it, or of the premises, as to relieve the lessee from his obligations under the lease.

The court refused so to rule, but instructed the jury, that it was necessary on the part of Hanham to show a surrender and acceptance, or a cancellation of the lease, but that it was not necessary that this should be in writing; that if they were satisfied that the minds of the parties had met the day before, October 28, for an agreement of surrender and termination of the lease and tenancy, and that they understood it, and if Hanham brought in the lease, and tendered it, and left it on the next day, pursuant to that agreement, this would amount to surrender and acceptance, and be sufficient to terminate the lease and tenancy, and relieve Hanham from all obligations in respect thereto; and upon the request of Hanham, the court further ruled that any acts which were equiv-

alent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume possession of the demised premises, amounted to a surrender, by operation of law.

Sherman also requested the court to rule that the judgment put in evidence was conclusive upon the lessee ; that the rent for which the judgment was obtained was, at the date of the writ in that action, due from Hanham to him ; and, that the lease had not, at that time, been cancelled, surrendered, or otherwise terminated ; that the judgment was conclusive evidence, in this suit ; that up to the time of bringing that action, November 2, 1870, Sherman had not released the defendant from all his obligations to him for rent, under the lease ; that the judgment was *primâ facie* evidence that the lease had not been surrendered, cancelled, or terminated, up to the time of bringing that action, but that rent was then due, and that Sherman had not released Hanham from his obligations in the lease.

But the court refused to rule as prayed for in either of these requests, but said as to the judgment, that it was not conclusive evidence, but might be considered by the jury, under all the circumstances of the case, and that they should give it such weight as they believed it entitled to.

The jury returned verdicts for Hanham in both actions, and Sherman alleged exceptions.

*J. B. Richardson*, for Sherman.

*W. W. Warren & A. J. Robinson*, for Hanham.

COLT, J. The sole question at the trial of these cases was, whether there had been an accepted surrender of the lease from Sherman to Hanham. The evidence was in direct conflict. Hanham testified that it was surrendered in pursuance of a verbal agreement with Sherman, who accepted the surrender and put in another tenant. Sherman denied this, and introduced evidence to prove the contrary. In the first paragraph of his first request, Sherman asked the court to rule that in the absence of any agreement in writing, the facts claimed and in evidence were not sufficient to terminate the lease. This was properly refused in view of the evidence of a verbal surrender and acceptance, sufficient to justify a verdict on that ground. *Talbot* v. *Whipple*, 14 Allen,

177, 180. The last part of the first request assumes a state of facts as existing, about which there was a conflict in the testimony, and was rightly refused. The instructions upon this point left it to the jury to find the disputed fact, whether there was a meeting of the minds of the parties, and whether the lease was given up in pursuance of the agreement. "They were expressly told that a surrender and acceptance was necessary, and that any acts which would be equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume possession of the demised premises, would amount to a surrender by operation of law. "

A judgment recovered by Sherman in the Municipal Court on default, for an instalment of rent due under the lease for occupation prior to the alleged surrender, was put in evidence by him. He contended that such a judgment was inconsistent with the release of all past rent, which formed part of the agreement for surrender to which Hanham had testified, and that it was conclusive not only that the past rent had not been released, but that such an agreement had not been made, and that it was evidence that the lease had not been surrendered at the time that action was brought. But the case on trial in favor of Sherman was for an instalment of rent due after the alleged surrender. The instructions requested in regard to the effect of the judgment could not be properly given, because a judgment for rent due prior to a given day would have no bearing on the question whether the lease had been given up and terminated after that day. Nor upon the pleadings in that suit, can the record be conclusive evidence that Sherman had not released Hanham, prior to the commencement of it, from all rent then due, because the release was not set up, and the question whether such release had been given was not tried. The jury were instructed to give the judgment consideration and such weight as it was entitled to upon the matters in issue, and this was sufficiently favorable. It was admitted in evidence as a fact. It was not necessary for the judge to explain its weight or significance. *Burlen* v. *Shannon*, 99 Mass. 200. *Bodurtha* v. *Phelon*, 13 Gray, 413.

*Exceptions overruled*