FRANK A. LEAVITT & another *vs.* MITCHEL K. MAYKEL & another.

Worcester.    October 2, 1911. — October 16, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Landlord and Tenant. Waiver. Evidence*, Presumptions and burden of proof.

In an action for rent against an alleged tenant at will, where it appears that the defendant occupying the premises after the expiration of a lease became a tenant at will, but, supposing himself to be only a tenant at sufferance, gave no notice under R. L. c. 129, § 12, to terminate the tenancy, and the defendant relies on the acts of the parties as constituting a surrender of the premises by him and their acceptance by the plaintiff, the burden is on the defendant to establish a waiver by the plaintiff of the notice required to terminate the tenancy at will.

In an action for rent against an alleged tenant at will, it appeared that the defendant after the expiration of a lease of the premises from the plaintiff to him, continued to occupy the premises, making monthly payments of rent at the rate prescribed by the lease which were accepted by the plaintiff, that the plaintiff thought that the defendant had become bound by an extension of the lease under its terms and the defendant thought that he was a mere tenant at sufferance. While this state of affairs existed the defendant ceased to occupy the premises and gave the key to the plaintiff with a letter informing him that the defendant was moving out. The plaintiff replied by a letter informing the defendant that the plaintiff looked to him to pay the rent for the extended term mentioned in the lease, saying, "If you wish us to find a tenant who will take the premises off your hands we will try to do this for you, but we do not accept from you any surrender of the premises, and we shall look to you for our rent in any event. The key which you have sent us we hold subject to your order, and the premises are at your disposal." Later an agreement in writing was signed by the defendant and was delivered by him to the plaintiff,

in which, after referring to the plaintiff as the lessor and to the defendant as the lessee, the defendant agreed that the occupation of the premises by any one other than the lessee should not be considered in any way as affecting the question of any surrender of the lessee's interest in the lease and should not be construed in any way by the lessee as a giving up or surrender of any rights which the lessor might have under the lease against the lessee. Relying on this agreement, the plaintiff took possession of the premises and let them to a tenant for two months, after which they were vacant until by a decision of this court the parties learned that the lease had not been extended but that the defendant by occupying the premises after the expiration of the lease and paying a monthly rent in accordance with its provisions had become a tenant at will of the plaintiff. Thereupon the defendant, reserving all rights, gave a notice under R. L. c. 129, § 12, to terminate any tenancy at will that might exist. The plaintiff sued for the rent of the intervening months, crediting the two months' rent received by him from the tenant mentioned. The defendant contended that the tenancy at will was terminated by his surrender of the premises and their acceptance by the plaintiff. *Held*, that the refusal of the plaintiff to accept a surrender of the premises was not deprived of its effect by the plaintiff's mistaken belief that the defendant was held under an extension of the lease, and that the plaintiff by taking possession of the premises in reliance upon the defendant's agreement and by receiving the two months' rent which he credited to the defendant did not waive any rights against the defendant; and consequently that the defendant was liable to pay rent as a tenant at will until such tenancy was terminated by a notice under R. L. c. 129, § 12.

CONTRACT, against two defendants doing business under the name of the Worcester Dry Goods and Wrapper Company, for rent of a store numbered 192 on Front Street in Worcester at $112.50 a month for the nine months from April to December, 1909, inclusive. Writ dated January 5, 1910.

The answer, after a general denial, set up the defense that the plaintiffs had waived their rights under the contract alleged in the declaration; that on March 20, 1909, the defendants had surrendered the premises to the plaintiffs and that the plaintiffs had accepted such surrender. There was also an allegation of payment.

In the Superior Court the case was submitted to *Fox*, J., upon an agreed statement of facts.

A previous action between the same parties was brought on March 12, 1909, upon a covenant in a lease for rent of the premises for the months of February and March, 1909. By a decision of this court, reported in 203 Mass. 506, it was held the plaintiffs could not recover upon the covenant, although it was said that upon a proper declaration they might have recovered from the defendants as tenants at will for the rent due and

unpaid after the expiration of the lease there in question.   After that decision the plaintiffs amended their declaration in the previous action and declared for rent for the same two months of February and March, 1909, basing their claim in the amended declaration upon an alleged tenancy at will.   That case was settled by a payment by the defendants to the plaintiffs of $225, the amount claimed in the amended declaration as rent for the months of February and March, 1909.

The agreed statement of facts set forth in the bill of exceptions in the former case was incorporated by reference as a part of the agreed statement of facts in the present case.   The agreed facts in the former case included the following :

The lease was for the term of two years from the first day of June, 1906, the rent being $1,350 per year, payable in equal monthly payments in advance " on the first day of each and every month hereafter in every year during said term and at that rate for such further time as the said lessees, or any other person or persons claiming under them, shall hold the premises or any part thereof, the first monthly payment to be made on the first day of June, 1906, now next ensuing."

The lease contained the following clause :  " It is further agreed in consideration hereof the lessees shall have the privilege and right to renew this lease at its expiration for further term of two years upon the same terms and conditions of this lease."

The defendants occupied the premises and paid rent therefor at the rate specified in the lease.   No new or additional agreement, either written or oral, was made between the parties at the expiration of the two years on May 31, 1908, or at any other time. The lessees, after May 31, 1908, paid the same rent, $112.50 per month in advance, up to and for the month of January, 1909.

On January 28, 1909, the defendants sent the plaintiffs the following letter:  " Worcester, Mass., Jan. 28, 1909.   Mr. Frank A. Leavitt, 597 Washington St., Boston, Mass.   Dear Sir: Since the expiration of our lease of the store of No. 192 Front St., City, we have continued to occupy the same at sufferance hoping to find something more suited to our purposes.   We have now done so and are moving out.   We herewith send you the keys of the premises and as we have paid our rent in

advance to February first, we have fulfilled our obligation to you. We wish to thank you for your courtesy in our business relations, and beg to remain, very truly yours, Worcester Dry Goods and Wrapper Co., by M. K. Maykel."

On February 2, 1909, the plaintiffs answered by a letter, addressed to the defendants and signed by the plaintiffs, as follows:

" Your letter of Jan. 28th, 1909, addressed to Mr. Frank A. Leavitt, enclosing key of premises No. 192 Front St., has been handed to us.

" We think you are under a misapprehension as to the terms under which you have been occupying the premises No. 192 Front St., in Worcester.

" The lease under which you were placed in possession of the premises was for the term of two years from the first day of June, 1906, with the privilege and right to renew the lease at its expiration for the further term of two years upon the same terms and conditions.

" Since you kept possession of the premises after the expiration of the first term of two years mentioned in this lease, we concluded that you had availed yourself of your privilege to renew, and we therefore look to you to pay the rent for the second term of two years mentioned in that lease.

" If you have removed your business from the premises it will be necessary for us to have a key in order that we may enter on the premises to take care of steam pipes which may freeze and other matters. If you wish us to find a tenant who will take the premises off your hands we will try to do this for you, but we do not accept from you any surrender of the premises, and we shall look to you for our rent in any event. The key which you have sent us we hold subject to your order, and the premises are at your disposal."

On February 4, 1909, the defendants wrote to the plaintiffs insisting on the position taken in their letter of January 28, and stating that they on that day had surrendered the premises and had no further connection with them.

The following additional facts were agreed in the present case :

The plaintiffs had the keys to the premises on and after Janu-

ary 28, 1909, and the defendants never were upon the premises or exercised any control over them after that time. The plaintiffs found it necessary to enter on the premises to take care of "steam pipes and other matters."

On March 20, 1909, while the first action was pending in the Superior Court, the defendants gave the plaintiffs the following agreement:

"It is hereby agreed by M. K. Maykel and A. Aboumrad, both of the city and county of Worcester and Commonwealth of Massachusetts, doing business in said city and county of Worcester as the Worcester Dry Goods & Wrapper Company; lessees named in a certain lease, dated February 21, 1906, in which Frank A. Leavitt and Chauncey W. Henry, both at that time of the city and county of Worcester and Commonwealth of Massachusetts, doing business in said Worcester as C. W. Henry & Company, are named as lessors, which lease demises a certain store on Front Street in said Worcester, being numbered 192 on said street, and also the basement under said store, except such portion thereof as is now occupied by the bowling alleys used and controlled by the said lessors, that the occupation of said premises by any one other than the lessees shall not be considered in any way as affecting the question of any surrender of their interests in the lease on the part of the lessees, and shall not be construed in any way by the lessees as a giving-up or surrender of any rights which the said lessors may have under said lease against the said lessees." This was signed in the names of the defendants by their attorneys.

Immediately after the giving of the foregoing agreement by the defendants, the plaintiffs, relying upon it, entered on the premises and took possession of them, put up "to rent" signs in the windows and succeeded in letting the premises to one Seiman who occupied them under an agreement with the plaintiffs for the months of June and July, 1909, paying for them $125 per month or $250 in all, which was credited to the defendants upon the account annexed in the plaintiffs' declaration. There was no other agreement with the defendants except that above set forth as to the use of the premises by the plaintiffs or any one else.

No demand for rent or for payment for use and occupation

for the months from April to December, 1909, ever was made upon the defendants, nor was any assertion made that they were tenants at will until after the decision in the former case reported in 203 Mass. 506, which was rendered on November 22, 1909.

On December 1, 1909, the defendants gave the plaintiffs the following notice:

"Worcester, Mass., December 1, 1909.

"Frank A. Leavitt & Chauncey W. Henry, doing business as C. W. Leavitt & Co.

"Gentlemen:

"Without admitting any liability for back or future rent but to protect our rights under any contingency, you are hereby notified that we shall on the first day of January, 1910, quit and deliver up the premises either now or formerly held by us as your tenants at No. 192 Front Street in the city and county of Worcester and Commonwealth of Massachusetts.

"This notice being given to make sure the termination of an alleged tenancy at will of said premises, which tenancy is denied by us. And this notice is given with the express reservation of all our legal rights and defenses to any suit which may be brought by you for use and occupation or other kind of action upon our relations the one to the other."

The notice was signed in the names of the defendants by their attorneys.

Before bringing this action in January, 1910, the plaintiffs demanded of the defendants the sum of $762.50, for nine months' rent from April to December, 1909, inclusive, at $112.50 a month, less $250 paid to the plaintiffs by Seiman.

It was stipulated that the court might draw any proper inference of fact from the agreed facts.

The defendants asked the judge to make the following rulings:

"1. When the plaintiffs 'took possession' of the premises on March 20, 1909, the tenancy at will of the defendants terminated.

"2. That when the plaintiffs, on March 20, 1909, entered on the premises and took possession of them, put up 'to-rent' signs and actually rented them to other parties as their tenants the tenancy at will of the defendants terminated.

"3. That the agreement of March 20, 1909, preserved to the

plaintiffs any rights they might have against the defendants under the written lease, but left the question of the termination of the defendants' tenancy at will unaffected.

" 4. That when the plaintiffs, on March 20, 1909, entered on the premises and took possession of them, put up ' to-rent ' signs and actually rented them to other parties, they elected to rely on any rights they might have against the defendants under the written lease, and any tenancy at will of the defendant ended.

" 5. That the plaintiffs could not take actual possession of the premises and exercise dominion over them, without terminating defendants' tenancy at will, except by consent of defendants, and defendants did not so consent.

" 6. That upon the agreed statement of facts the plaintiff cannot recover."

The judge refused to make any of these rulings, and made the following memorandum of decision : " I am unable to find in the present case that the landlord intended to accept the tenant's surrender of his estate. The landlord took possession relying upon his agreement with the tenant. Although the agreement refers in terms only to the rights of the parties under the written lease, it excludes the inference that the landlord intended by his acts to put an end to the tenant's estate."

The judge found for the plaintiffs in the sum of $762.50 ; and the defendants alleged exceptions.

The case was submitted on briefs.

*C. H. Wood & C. W. Wood,* for the defendants.

*G. S. Taft, G. R. Stobbs & L. E. Felton,* for the plaintiffs.

DeCourcy, J. The lease to the defendants expired on May 31, 1908. They continued to occupy the premises until January 28, 1909, paying the rent monthly in advance. Acting under the impression that they were only tenants at sufferance after the termination of the lease, they gave no written notice to end their tenancy under R. L. c. 129, § 12, that affects the period covered by the declaration. It was pointed out in the earlier case between the same parties that the defendants became tenants at will. As such they remained liable for rent unless the required statutory notice was waived by the landlord. *Taylor* v. *Tuson,* 172 Mass. 145. *Leavitt* v. *Maykel,* 203 Mass. 506.

The defendants contend that the tenancy was terminated by their surrender of the premises and the acts of the plaintiffs operating as an acceptance. The burden of establishing a waiver of the notice is upon the tenant. *Whitney* v. *Gordon,* 1 Cush. 266. We are unable to find that the landlord, expressly or by implication, accepted the surrender of the estate. The plaintiffs, in their letter of February 2, 1909, expressly stated that they did not accept any surrender and that the premises were at the disposal of the defendants. This claim is not deprived of its effect by the landlords' mistaken opinion that the holding over by the tenants constituted a renewal of the lease. Nor did the occupancy of the store by Seiman during June and July operate to put an end to the defendants' estate under the facts in this case. In their letter of February 2, the plaintiffs expressly stated: "If you wish us to find a tenant who will take the premises off your hands we will try to do this for you, but we do not accept from you any surrender of the premises, and we shall look to you for our rent in any event." They made no attempt to rent the store until the defendants gave them the agreement of March 20, 1909, when the earlier case was pending. This agreement indicates that the plaintiffs did not intend to waive their legal claim against the defendants by taking possession. And the defendants were credited with the rent received from Seiman.

We are constrained to hold that the tenancy at will was not terminated and that the defendants are liable for the rent declared on. The rulings requested were rightly refused. *Talbot* v. *Whipple,* 14 Allen, 177. *Fifty Associates* v. *Grace,* 125 Mass. 161, 163. *Whicher* v. *Cottrell,* 165 Mass. 351.

<div align="right">

*Exceptions overruled.*