Louis H. Epstein *vs.* Harold P. Gurney, executor.

Norfolk.   February 1, 1943. — February 23, 1943.

Present: Field, C.J., Lummus, Dolan, Cox, & Ronan, JJ.

*Landlord and Tenant,* Surrender, Rent.

An accepted surrender of leased premises after the death of the lessee during the term was not proved by the mere fact that the lessor accepted the keys of the premises from the lessee's executor upon the understanding that the lessor would try to let the premises as agent for the executor; nor would it be a defence to an action against the executor for rent that the lessor was derelict in his duty as such agent.

Contract for rent for the months of September, 1940, to August, 1941, inclusive, with interest.   Writ in the Municipal Court of Brookline dated September 2, 1941.

Upon removal to the Superior Court, the action was tried before *Broadhurst,* J.   There was a verdict for the plaintiff. The defendant alleged exceptions.

*W. F. Porter,* for the defendant.

*W. Endlar,* for the plaintiff.

Lummus, J.   On July 9, 1927, the plaintiff, the owner of an apartment building in Brookline, gave a lease of "the suite of rooms numbered two" in said building to the defendant's testator, for a term of one year beginning September 1, 1927, and thereafter from year to year until one of the parties should give to the other party written notice to terminate on some August 31.   No such notice was ever given, but the defendant's testator died on July 28, 1940.   On September 1, 1934, the rent was reduced to $100 a month by letters between the parties to the lease. In August, 1940, after the death of the defendant's testator, the plaintiff accepted delivery of the keys of the apartment from the defendant and undertook to try to let the apartment as agent for the defendant, but did not succeed in letting it.

One defence was a partial eviction, after the death of

the defendant's testator, — an eviction from a storeroom in the cellar which the defendant's testator had occupied during his entire tenancy. The plaintiff testified that he never had any conversation with the defendant's testator about a storeroom, and did not know whether the latter occupied a storeroom, although he suffered the several tenants to occupy whatever they wished in the cellar. The defendant, in examining a witness for the defendant who was in the business of renting apartments in the neighborhood, asked him whether storerooms were usually given with apartments there, and offered to show that they were. The judge excluded the offered evidence, subject to the defendant's exception. We need not consider this matter, for there was no evidence that any act done or countenanced by the plaintiff evicted the defendant from the storeroom.

Another defence was that the plaintiff had accepted a surrender of the leased premises from the defendant. The facts already narrated show that while the plaintiff accepted the keys and undertook to try to lease the premises as agent for the defendant, both parties understood that the defendant remained liable for the rent.

If, as the defendant contends, the plaintiff was derelict in his duty in letting the premises as agent for the defendant, that would constitute no defence to this action for rent, but a remedy must be sought in a cross action.

The defendant's motion for a directed verdict in his favor was rightly denied. His requests for rulings were either indecisive abstractions or inconsistent with what has already been said in this opinion.

*Exceptions overruled.*