ALFRED E. BANDERA *vs.* WALTER T. DONOHUE & another.

Suffolk. November 10, 1950. — December 6, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Landlord and Tenant,* Surrender of lease, Termination of tenancy.

A finding that a lessor of a basement room, used by the lessee during the day and evening but not through the night, accepted a surrender by the lessee, who vacated the room and left the key, was not required in the circumstances by the mere fact that thereafter the lessor permitted his janitor to use a portion of the room for sleeping quarters.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 2, 1949.

The action was heard by *Barron, J.*

*D. Greer,* for the defendants.

*V. R. Brogna,* for the plaintiff.

RONAN, J. This is an action of contract to recover rent for the months of July, August, and September, 1949, under a lease to the defendant Donohue for the term commencing on April 1, 1946, and, as extended, expiring on April 1, 1951. The lease authorized Donohue to assign to a corporation in which he should be the principal stockholder, but the assignment was not to affect his original liability on the lease and he was to become bound as guarantor for full performance of the lease by the corporation. Such an assignment was made; the assignee corporation was the other defendant. The judge found for the plaintiff after refusing to grant a request for a ruling which read as follows: "That where a tenant under a lease vacates the leased premises and thereafter the landlord permits an employee to use the premises as sleeping quarters, such action of the landlord constitutes an acceptance of a surrender and terminates any obligation for the payment of rent." The defendants appealed from an order of the Appellate Division dismissing the report.

Findings of fact are not reviewable upon this appeal, nor is the sufficiency of the evidence to support a finding in the absence of a request for a ruling and for a report of its denial. *Reid* v. *Doherty,* 273 Mass. 388. *Parker* v. *Levin,* 285 Mass. 125. The only question presented for decision is whether the denial of the request by the trial judge and the order of the Appellate Division dismissing the report based upon the denial were correct. *Dolham* v. *Peterson,* 297 Mass. 479, 481. *Ahern* v. *Towle,* 310 Mass. 695, 701. *Zarrillo* v. *Stone,* 317 Mass. 510, 511.

The demised premises consisted of a basement room in which classes of fifty to sixty members were held two or three times a day, but the defendants made no use of the room between the hours of 11 P.M. and 9 A.M. Many persons resorted to various other parts of the building and also frequented the corridors at different times during the day and night in entering and leaving the building. The defendants vacated the demised premises on July 25, 1949, and left the key in one of the offices located in the building. The defendant Donohue by his attorney on August 2, 1949,

notified the plaintiff that he elected to terminate the lease. The plaintiff replied by letter of September 2, 1949, that he would not accept the purported termination of the lease but that he intended to enforce his rights against both defendants, and demanded payment of the rent reserved in the lease. The plaintiff, commencing on September 9, 1949, permitted the janitor whom he employed to care for the building to use as sleeping quarters a portion of the demised premises.

The judge found as a fact that at no time was there a surrender of the premises by the tenant with the acceptance of the owner; that the owner never excluded the tenant from the property; and that the use of a portion of the demised premises by the janitor after the defendants had vacated the premises was consistent with the owner's right to protect the property.

The defendants in accordance with their request contend that there was a surrender by operation of law, and we have to decide whether as matter of law upon the findings made by the judge there were "any acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession of [the] demised premises [and which] amount to a surrender of a term by operation of law." *Talbot* v. *Whipple,* 14 Allen, 177, 180. *Hanham* v. *Sherman,* 114 Mass. 19. *Leavitt* v. *Maykel,* 210 Mass. 55, 62. *Carlton Chambers Co.* v. *Trask,* 261 Mass. 264, 267–268. *Cassidy* v. *Welsh,* 319 Mass. 615, 618. The burden is upon the defendants to sustain this affirmative defence, and the intent of the landlord to accept the surrender must be clearly shown. *Brewer* v. *Dyer,* 7 Cush. 337, 339. *Walker* v. *Rednalloh Co.* 299 Mass. 591, 595.

The janitor, an employee of the landlord, acquired no interest in the demised premises by using a portion of them for his own personal purposes with the permission of the landlord. For aught that appears, the duration of his use was revocable at the will of the landlord and presumably was for so long as the premises remained vacant and needed protection from persons who resorted to the building at

night. This use by the janitor did not interfere with the rights of the defendants to the demised premises or preclude them from enjoying them in accordance with their lease if they saw fit to occupy them. They were still held available to them by the landlord. The conduct of the landlord in dealing with the premises could be found to be not inconsistent with an intent not to terminate the relationship of landlord and tenant existing between him and the defendants. It certainly could not be ruled, as the defendants requested, that the use made of the premises by the janitor as matter of law constituted an acceptance of the surrender of the premises by the defendants. At least, upon the evidence, it presented a question of fact. *Leavitt* v. *Maykel*, 210 Mass. 55. *Johnson* v. *Stone*, 215 Mass. 219. *Roberts* v. *Wish*, 265 Mass. 179, 181–182. *Epstein* v. *Gurney*, 313 Mass. 255. *Cassidy* v. *Welsh*, 319 Mass. 615, 619.

*Order dismissing report affirmed.*