*Northern District*

No. 5146

**RAYMOND A. HOTTINGER, et al
d-b-a SUMMER ELECTRICAL CO.**
v.
**ALBERT T. PLATT**

November 18, 1957

*Present*: BROOKS, J. (PRESIDING) AND NORTHRUP AND KELLEHER, JJ.

Case heard to CODDAIRE, SP. J., in the District Court of Southern Essex. No. 2882 of 1956.

*Brooks, J.* This is an action of contract to recover for work, labor and material. The answer is general denial.

*At the trial there was evidence* by Raymond A. Hottinger, a licensed electrician, that plaintiff had contracted with one Fleury to do certain electrical wiring on four houses in Nahant, one of which had been purchased by defendant. Plaintiff, defendant and Fleury together discussed the cost of wiring. Plaintiff and Fleury agreed that defendant's house would be wired for $550.

When work was one-half completed, defendant requested plaintiff to relocate certain outlets and he agreed to pay for the charges. Plaintiff did the work

requested by defendant and in the process of the work had to make certain changes in the wiring already done by Fleury. Fleury did not pay for any of the electrical work in defendant's home.

Defendant testified that he hired plaintiff only for the purpose of putting in extra outlets "heretofore mentioned." Plaintiff testified that the fair price for the changes requested was $81.50.

Plaintiff made the following Requests for Rulings:

1. If you find that the plaintiff performed the work in a workman-like manner on the premises of the defendant, then he is entitled to recover in this action.

2. If the defendant requested the plaintiff to alter, vary or amend any original agreement with another, then in law, this is a novation as regards to the defendant, and the plaintiff can recover in this action.

3. If you find that the plaintiff wired the home of the defendant at the request of the defendant, and the defendant agreed to pay the plaintiff for same, then the plaintiff can recover in this action.

4. Since the defendant, if you so find, told the plaintiff that he would see that the plaintiff was paid, then this cannot be considered as an agreement to pay the debt of a third person, but is an agreement to pay the defendant's own debt.

5. The plaintiff could refuse to perform the electrical work without payment, and if upon request of the defendant, he continued the work at the defendant's promise to pay, then the defendant is obligated to pay the monies on the contract.

6. On all the evidence, the plaintiff is entitled to recover the fair and reasonable price of all extras installed by him (them) at the request of the defendant.

7. The defendant's promise to pay did not have to be in writing.

8. Since the defendant had not pleaded the statute of frauds, he is deemed to have waived same.

9. The defendant would be unjustly enriched if he failed

to pay said plaintiff after he had requested plaintiff to perform the work.

10. If you find that the defendant requested the plaintiff to continue the work, after he had commenced same for another, and as the house in question was owned by the defendant, any agreements made thereafter for containing the work, would entitle the plaintiffs to recover the fair market value of the services rendered.

Defendant requested the following Requests for Rulings:

1. On the law and on the evidence the defendant is not liable to the plaintiffs because the agreement in question was made with the general contractor Fleury.

The court found as follows:

The plaintiff did electrical work in four houses built by one Fleury. The defendant bought one of the houses. The plaintiff was engaged by Fleury to do the electrical work in the house that the defendant bought, except for some extra work which the defendant asked the plaintiff to do.

I find that the only contract made between the plaintiff and the defendant was for these extras, for which the defendant owes the plaintiff.

I find for the plaintiff in the amount of $81.50.

The court disposed of the Requests for Rulings as follows:

I deny plaintiff's Requests for Rulings Nos. 1, 2, 3, 4, 9, and 10, not finding the facts as stated in said Requests and allow Nos. 5, not finding the facts stated in said Request, however, 6, 7, and 8.

I deny the defendant's Request for Ruling, having found for the plaintiff for the amount of the extras.

Plaintiff claimed to be aggrieved by the denial of his requests 1, 2, 3, 4, 5, 9, 10.

It does not specifically appear in the report, but is to be inferred, that plaintiff is suing defendant for all the electrical wiring done at defendant's house. It does not appear whether the amount claimed is $550 in the original contract, plus the cost of extras,

$81.50. The report is somewhat ambiguous as to the nature of the extras. In one part of the report, they are referred to as "re-locations" and in another part as additional "outlets."

The court correctly ruled that plaintiff could only recover from defendant for the extras since there was no novation as contended by plaintiff. Novation is defined as follows: "The substitution by mutual agreement of one debtor for another or of one creditor for another whereby the old debt is extinguished; or the substitution of a new debt or obligation for an existing one which is thereby extinguished." "Essentials of novation are a previous valid obligation; agreement of all parties to a new contract; extinguishment of the old contract and validity of the new one." Black's Law Dictionary.

There can be no novation unless the creditor accepts the new debt and releases the old. *Tudor Press, Inc. v. University Distributing Co.*, 292 Mass. 399; *Harvard Electric Machine Co. v. G. & K. Provision Co.*, 333 Mass. 678. Whether a novation has occurred is a question of fact. *Fauci v. Danehy*, 332 Mass. 691. Novation is an affirmative defense to be proved by the party pleading it. *Tudor Press, Inc. v. University Distributing Co.*, supra.

The court's finding that there was no novation is not to be upset unless plainly wrong. *Dolham v. Peterson*, 297 Mass. 479; *Bandera v. Donahue*, 326 Mass. 563, 564. This finding certainly was not plainly wrong. There was no evidence whatever that when the contract for extras was entered into its purpose was to subject defendant to liability for all the wiring, including that for which Fleury was originally to pay, and that Fleury was to be released by the plaintiff from his contract to pay for the original wiring.

Report dismissed.

Sumner H. Smith, for the plaintiff.
Louis Kobrin, for the defendant.