*Northern District*

No. 5045

**FLIBLOTTE**

v.

**CLIFFORD**

**CLIFFORD**

v.

**FLIBLOTTE**

(February 17, 1958)

*Present:* BROOKS, J. (PRESIDING), NORTHRUP AND KELLEHER, JJ.

Case tried to MOYNIHAN, SP. J., in the Second District Court of Eastern Middlesex. No. 1762 and No. 1900.

*Brooks, J.* These are two suits in contract. *Fliblotte v. Clifford* is for labor and materials furnished by plaintiff to defendant in connection with the remodeling of defendant's house. The answer is general denial and payment. The amount sued for is a balance of $767.

*Clifford v. Fliblotte* is for damages arising out of defendant's failure to perform his part of the contract in a workmanlike manner with the result that plaintiff has been put to expense to have the work done over. The answer is general denial and payment.

At the trial there was credible evidence that Fliblotte had performed the contract in a workman-

like manner. There was also credible evidence that Fliblotte had not performed in a workmanlike manner and that Clifford had been put to expense to put the premises in the condition that Fliblotte should have put them in under the contract.

In the case of *Fliblotte v. Clifford* plaintiff filed the following Requests for Rulings, all of which were allowed.

1. There is sufficient evidence to warrant a finding for the plaintiff on Count 1 of the declaration.

2. If the Court finds that the plaintiff has not performed or completed the entire contract, but has substantially performed his obligations under said contract, the Court is warranted in finding for the plaintiff on Count 2 of the declaration, for the fair value of the labor and materials furnished, less the amount paid on account by the defendants.

3. There is sufficient evidence to warrant a finding that the plaintiff substantially performed his obligations under the alleged agreement.

4. There is sufficient evidence to warrant a finding for the plaintiff on Count 2 of the declaration, for the fair and reasonable value of labor and materials furnished less the sum paid on account by the defendants.

Defendant filed the following Requests for Rulings, which were also allowed.

1. If the Court finds that the plaintiff has failed materially to carry out the terms of his contract, he cannot recover for any balance alleged to be due thereon.

2. There is evidence, adequate and sufficient, that the plaintiff has failed to carry out the terms of his contract.

Court found for defendant Clifford.

In the case of *Clifford v. Fliblotte* plaintiff filed the following Request for Rulings, which was allowed.

1. If the Court finds that the defendant failed materially to carry out the terms of his contract by poor workman-

ship or defective materials, plaintiffs are entitled to re-cover reasonable cost necessary to bring the premises of the plaintiffs to that condition as contemplated by the contract, less any amount which remains unpaid on the original contract.

Defendant filed the following Requests for Rulings, all of which were denied.

1. There is insufficient evidence to warrant a finding for the plaintiffs.
2. Substantial performance on the part of the defendant prevents plaintiff from recovering in this action.
3. There was no evidence or insufficient evidence on the part of the plaintiffs that the defendant neglected or refused to perform his part of the agreement.

The court found for plaintiff in the sum of $300.

Fliblotte contends that in both cases the court's findings were inconsistent with its disposition of the Requests for Rulings and were against the law and the evidence and that the action of the court in one case was inconsistent with the action in the other case.

There was no error in the findings or rulings of the court in either case. A simple issue of fact was presented in which there was evidence on both sides sufficient to have warranted the court in finding either way. The court's findings for Clifford as defendant in one case and as plaintiff in the other case were without error.

 Findings of fact will stand unless plainly wrong. *Dolham v. Peterson,* 297 Mass. 479, 481; *Bandera v. Donahue,* 326 Mass. 563, 564.

 There was no inconsistency between the findings and the Requests for Rulings. The judge could properly rule that there was evidence in favor of Fliblotte, as there was, and he could still find for Clifford, as he did. *Bresnick v. Heath,* 292 Mass. 293;

*Mastercraft Wayside Furniture Co. v. Sightmaster Corp.*, 332 Mass. 383, 388.

*Report dismissed.*

Max Marks, for Fliblotte.
Curran & Caldwell, for Clifford, et al.