*Northern District*

No. 5154

**LYNN SAND & STONE CO.**

v.

**FRANK D'AMICO and NUNZIO D'ANGELO
d-b-a D. & D. CONSTRUCTION CO.**

(April 7, 1958)

*Present:* BROOKS, J. (PRESIDING), NORTHRUP AND KELLEHER, JJ.

Case tried to GORDON, J., in the District Court of Southern Essex. No. 1371 of 1956.

*Kelleher, J.* This is an action of contract in which the plaintiff corporation seeks to recover from the defendant for ready mixed concrete sold and delivered. The defendant's answer is a general denial and payment.

*At the trial, there was evidence tending to show that* on or about May 31, 1954, the defendants were partners doing business under the name and style of D. & D. Construction Co. and filed a business certificate to this effect with the Lynn City Clerk. The plaintiff and defendant were involved in various business transactions from on or about May 31, 1954, until October of 1955. In April of 1955, the defendants formed a corporation known as D. & D. Construction Co. Inc. The plaintiff continued to do business with the defendant, billing them in the partnership name. No protest was ever made of the bills being sent in the name of D. & D. Construction Company.

The defendant D'Amico offered evidence that he orally notified the plaintiff corporation of the change in entity.

From April 14, 1955, to November 4, 1955, the plaintiff received eight checks from the defendant in payment of goods delivered.

Each of these checks contained at its top the name of D. & D. Construction Company, Inc. and was

drawn on the Essex Trust Company of Lynn. Prior to April of 1955, the defendant drew checks upon the Essex Trust Company of Lynn, using the usual blank checks issued by commercial banks.

Printed checks bearing the name of D. & D. Construction Co. Inc. were ordered and used by the defendant. The records of the Essex Trust Company indicated that the D. & D. Construction Co. had an account there but there never was a corporate account in the name of D. & D. Construction Co. Inc.

The Court found the following facts:

"I find that on September 16, 28, 30 and October 30, 1955, the plaintiff corporation sold and delivered to the defendants Frank D'Amico and Nunzio D'Angelo doing business as D. & D. Construction Company certain amounts of ready mixed concrete to the value of $912.75. The bills for said concrete being made out to "D & D Const." and signed for by "D'Amico" individually.

I find that at no time did the plaintiff corporation accept the corporate entity of D. & D. Construction Company, Inc. as a creditor, but at all times extended credit to Frank D'Amico and Nunzio D'Angelo doing business as D. & D. Construction Co.

I find that at no time did the defendants object to being billed in the name of the partnership." There was a finding for the plaintiff corporation.

At the close of the trial and before final arguments the defendants made the following requests for rulings:

1. The general proposition of law relative to a person dealing with an agent of an undisclosed principal being able to hold either the agent or the undisclosed principal, does not apply if there is evidence of actual or constructive knowledge of agency.

2. Even though, subsequent to a sale, a vendor discovers that the vendee was agent for another in the purchase and he has the right to charge either, he cannot do so if he knew or should have known that he was dealing with a corporation.

3. The fact that the merchandise purchased by the defendant was paid by corporation checks foreclosed the plaintiff's right to hold the defendant personally liable since payment by corporation checks was evidence that the defendant was not acting in an undisclosed manner.

4. A third party cannot claim the advantages of an agency and disclaim its disadvantages.

5. The plaintiff, based on the standard of a reasonable man, knew or should have known that it was doing business with a corporation.

The Court allowed with qualification 1, 2, and 4, and denied 3 and 5 of the defendants' requests for rulings.

The defendant claims to be aggrieved by the court's allowance with special findings of defendants' requests for rulings numbered 1, 2, and 4, and the court's denial of defendants' requests for rulings numbered 3 and 5.

We find no merit in any of the defendants' claims of aggrievement.

There was evidence that the defendants carried on their business as partners and also that they carried on their business as a corporation. There was ample evidence, though conflicting, to support either position.

We find no error in the trial judge's allowance of the defendants' requests for rulings 1, 2, and 4, and stating thereafter "but I do not so find".

Where, as in this case, the evidence is conflicting, it is consistent to grant a request for a ruling as a correct statement of the law, but weighing the evidence upon the question of fact to find that such facts were not proven by a fair preponderance of the credible evidence. In other words, the granting of the defendants' ruling and finding

for the plaintiff was consistent. *Marquis v. Messier,* 303 Mass. 554; *Strong v. Haverhill Electric Co.,* 299 Mass. 455; *Cameron v. Buckley,* 299 Mass. 432.

We find further no error in the trial judge's denial of request for ruling No. 3 "as not consistent with the facts found" and with the denial of request for ruling No. 5. (See findings of fact). The trial judge is not bound to make findings of fact that are not required as a matter of law upon the evidence in response to requests for such rulings. *Memishian v. Phipps,* 311 Mass. 521; *Codman v. Beane,* 312 Mass. 570; *Perry v. Hanover,* 314 Mass. 167.

However, whenever any such request for ruling founded upon the evidence, is refused upon the ground that it is not consistent with the facts found, or because the facts recited in the request are not found, the judge is required to state the facts found or the facts that he did not find, upon which refusal is based, unless the same appears from special findings filed. Rule 27 of District Court, (1952); *Home Savings Bank v. Savronsky,* 307 Mass. 601.

The facts upon which requests 3 and 5 were based were certainly not required as a matter of law. The finding of facts by the trial judge with respect to these two requests are dealt with in his findings and support such denial.

The Court's finding of facts is not to be upset unless plainly wrong. *Dolham v. Peterson,* 297 Mass. 479; *Banders v. Donahue,* 326 Mass. 563 and 564.

Based on all the evidence in this case, these findings of facts were not plainly wrong.

There being no error in the trial judge's rulings and refusals to rule, the report is ordered dismissed.

H. R. Mayo, Jr., for the Plaintiff.
Charles Cronis, for the Defendant.