*Northern District*

No. 5366

**SADIE B. LONDON**
v.
**JOSEPH GROSSMAN**

(January 12, 1961)

*Present:* Kelleher, J. (Presiding) and Northrup, J.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 4646-58.

*Kelleher, J.* This is an action of contract to recover rent under a written lease in the amount of $3600. The plaintiff alleges that the defendant owes her unpaid rent at the rate of $300 per month for the following months: March, April, May, June, July, August, September, October, November and December, 1959 and January and February, 1960, together with interest from the first day of each said month when demand for payment was made. The answer is a general denial and also that the defendant was excused from performing; that the plaintiff is estopped by her acts and conducts, to assert that the defendant owes her anything; that the plaintiff has completely discharged the defendant of all liability; and that there was a surrender of the lease accepted by the plaintiff.

An agreed statement of facts was submitted incorporating all of the evidence upon which the Court made its determination and finding.

## AGREED STATEMENT OF FACTS

On and prior to March 1, 1954, Sadie B. London, the plaintiff in this action was, and at this date is, the owner of the real estate, consisting of store premises, located at 1610-1612 Hancock Street, Quincy, Mass.

On August 1, 1952, the premises were occupied, under a lease, by the Frank Bownes

Co., doing business under the trade name of Modene Paint Company, Inc.

Early in 1954 Joseph Grossman, the defendant in this action, agreed with the Modene Paint Company, Inc. to purchase of it the business, fixtures, inventory, etc. located at 1610-1612 Hancock Street, Quincy, Mass., and the plaintiff, Sadie B. London, agreed to lease the said premises to the defendant, it being mutually understood and agreed that a corporation under the name of South Shore Decorating Center, Inc., would be formed by Mr. Grossman to act as the new tenant of London, and continue in the same line of business as that of the previous tenant, the Modene Paint Company, Inc. So that no rental would be lost during the formation of the corporation (South Shore Decorating Center, Inc.), a lease was signed by Joseph Grossman which contains the following: "The Lessee will not assign this lease nor underlet the whole or any part of the demised premises, except that the Lessee shall have the right to assign this lease to a corporation if one shall be formed in which the said Lessee shall be the principal stockholder." (There are no qualifying words in the lease that require the Lessor to assent to such assignment.) The purchase and sale between Modene Paint Company, Inc. and Joseph Grossman took place on March 1, 1954, at which time the said lease was entered into between the parties to this action.

The defendant Grossman, while the cor-

poration was being formed by his attorney, did business under the name of the South Shore Decorating Center, and within six weeks after his taking occupancy, a corporation was formed under the name of South Shore Decorating Center, Inc. with Joseph Grossman as the principal stockholder, in conformity with the intention of the parties.

This corporation was recorded on April 13, 1954, at the Commissioner of Corporation's office, with an authorization of 100 shares of no par common stock, all of which 100 shares were issued to Joseph Grossman as the principal stockholder, all in conformity with the intention of the parties at the time of drawing the lease.

Sadie B. London was advised that a corporation was in process of being formed under the name of South Shore Decorating Center, Inc., and on March 1, 1954, was given a check, and signed South Shore Decorating Center by Joseph Grossman. This payment was in advance of a month's rent and while the corporation was being drawn up.

On April 1, a similar check was sent and received for the April rent, at which time the papers for the corporation were in process of being filed.

Upon the filing of the corporation on April 13, 1954, a letter, was mailed on that date to Sadie B. London advising her that the new corporation was recorded and that commencing May 1, 1954, all rent checks would be paid in the name of the South Shore Decor-

ating Center, Inc. On the same date, the lease, in accordance with its terms, was assigned to South Shore Decorating Center, Inc. and Mrs. London accepted said assignment.

Commencing with the rental check of May 1, 1954, and continuing monthly thereafter until February, 1956, all rental checks were paid to said Sadie B. London by the corporation, South Shore Decorating Center, Inc., making a total of 24 checks, 22 in the name of the corporation, and 2 checks in the name of South Shore Decorating Center, being the first two checks made while the corporation was being formed in conformity with the intention of the parties. These 24 checks are each in the amount of $250.00 in accordance with the terms of the first two years rental.

Commencing March 1, 1956, and continuing until June 3, 1957, there was paid to Sadie B. London 15 checks in monthly sequence by the corporation, of $300.00 each, in conformity with the lease, making a total of 37 checks issued in the corporation name and two first issued in the name of South Shore Decorating Center.

On March 6, 1958, an assignment for the benefit of creditors was made and duly recorded, and that on April 8, 1958, following conferences with William R. Gilman, Esq., a check for $25.00 was sent to Sadie B. London to clean up the premises at 1610-1612 Hancock Street, Quincy, so that Mrs. London would be in a better position to more easily rent the premises.

On April 17, 1958, a check was sent to Sadie B. London, which was signed by the assignee, for rental during the period said assignee occupied said store, accompanied by a letter which stated, in part, "This check is in full payment of all rentals due, and all claims against South Shore Decorating Center, Inc." This check is still outstanding, and was never cashed or deposited by the plaintiff.

The leased premises have been untenanted at all times since being vacated by South Shore Decorating Center, Inc. and its assignee for the benefit of creditors, and are presently untenanted.

The plaintiff made the following request for rulings:

1. The evidence warrants a finding for the plaintiff against the defendant.
2. On all the evidence, a finding must be entered for the plaintiff.
3. As a matter of law, the assignment by the defendant of his lease with the plaintiff did not relieve the defendant of his obligation to pay the rent reserved under the lease.
4. As a matter of law, the acceptance by the plaintiff of the defendant's assignee as her tenant, and her collection of rent from the defendant's assignee, did not relieve the defendant of his obligation to pay the rent.
5. As a matter of law, an assignment for the benefit of creditors made by the defendant's assignee of the lease between the defendant

and the plaintiff did not discharge the defendant from his individual liability to the plaintiff for rent under the lease.

6. Nothing in the conduct of the plaintiff may be construed as a matter of law to have constituted a waiver, release or discharge by her to the defendant of the defendant's obligation to her to pay rent.

7. Upon making an assignment of his lease with the plaintiff, the defendant became a surety for performance of the covenants of the lease by the assignee, including the covenant to pay rent.

The Court found for the defendant and disallowed the plaintiff's request for rulings numbered 1, 2, and 7, and allowed the plaintiff's request as to numbers 3, 4, 5, and 6.

The Court entered its decision as follows:

"The facts in this case are set forth in an agreed statement. The various factors individually and probably collectively do not as a matter of law require a finding for the defendant. The question of whether the lessee is freed from obligations arising under the lease after an assignment is one of fact. *Walker v. Rednelloh Company*, 299 Mass. 591.

"I find as a fact that under the circumstances of this case the lessee is freed from obligations under the lease."

The plaintiff now contends that there was error by the refusal of the Court to allow her request for rulings numbered 1, 2, and 7 and

that the finding was against the weight of the evidence and incorrect as a matter of law and inconsistent with respect to request for rulings 3, 4, 5 and 6.

The precise question in this case is whether or not the defendant, Joseph Grossman, is relieved of his obligation and responsibilities after the assignment of a lease to a Massachusetts corporation known as South Shore Decorating Center, Inc. The agreed statement of facts states "So that no rental would be lost during the formation of the corporation, a lease was signed by Joseph Grossman" and it was further agreed that "the Lessee will not assign this lease nor underlet the whole or any part of the demised premises, except that the lessee shall have the right to assign this lease to a corporation if one shall be formed, in which the said Lessee shall be the principal stockholder". (The Lessor was not required to assent to such assignment). Within six weeks from the initial conference, a corporation was formed with said Joseph Grossman as the principal stockholder.

Whether or not the plaintiff accepted the corporation as a tenant thereby releasing the defendant from responsibility on the lease, is a question of fact. *Walker v. Rednelloh Co.,* 299 Mass. 591.

This question of fact is to be determined by all acts, circumstances, and the intention of the lessor and lessee.

The lessee assigned the lease to the corporation within six weeks from the date of

the initial conference. The plaintiff's assent was not required. The plaintiff accepted some thirty-seven monthly checks paid by the corporation. All acts of the parties in this case at the time of the execution of the lease, when the corporation was formed, and thereafter, seem to indicate an intention to discharge the lessee and substitute the corporation therefor.

In the case of *Way v. Reed,* 6 Allen 368, the Court said "there are cases where an express agreement by an assignee to pay rent to a lessor and to perform all covenants of the lease, if assented to and received by the latter would be evidence tending to show a substitution of the assignee in place of the original lessee and an intention to discharge the lessee from all further liability under the lease".

When it was mutually understood and agreed that a corporation was to be formed by the defendant and said corporation was to act as the new tenants of the plaintiff, and that six weeks from the initial conference a new corporation was formed with Mr. Grossman as the principal stockholder, that thereafter the plaintiff accepted monthly rental checks over a three year period in the corporation's name, we are of the opinion there was sufficient evidence to warrant the finding that the defendant was discharged from all his obligations under the lease.

The trial court's finding of fact is not to be upset unless plainly wrong. *Dolham v. Peter-*

*son,* 297 Mass. 479; *Bandera v. Donahue,* 326 Mass. 563 and 564.

Based on all the evidence in this case the finding of fact was not plainly wrong.

While plaintiff's request for ruling number 1 might have been granted, no prejudicial error was committed in refusing said request inasmuch as the trial judge found as a fact that under the circumstances of this case the lessee was freed from his obligations under the lease. Plaintiff's request for rulings numbered 2 and 7 were rightly denied.

There was no error in the court's finding or in its ruling with respect to plaintiff's request for rulings number 3, 4, 5, and 6.

Therefore, the report is ordered dismissed.

Melvin Thorner of Quincy, for the Plaintiff.
William R. Gilman of Malden, for the Defendant.