M. MICHAEL CANTOR & another, trustees vs. VAN NOORDEN COMPANY, INC. & another. June 23, 1976. 1. Those parts of the arguments which depend on the transcript of the testimony before the master must be disregarded for the reasons stated in *Michelson* v. *Aronson, ante,* 182, 183-190 (1976), which was decided after the instant appeal was argued. 2. Apart from any consideration of the releases executed on December 6, 1968, the master's findings that the plaintiffs' omission to mention the nonexistence of the bank account did not constitute fraud or deceit on their part and that the financial statements of E. Van Noorden Company in fact disclosed the nonexistence of the account (contrast *Yorke* v. *Taylor,* 332 Mass. 368, 371-374 [1955]; *Bellefeuille* v. *Medeiros,* 335 Mass. 262, 265 [1957]; *Kannavos* v. *Annino,* 356 Mass. 42, 48-49 [1969]), together with the absence of any finding that the defendants relied on the existence of the account (nothing in the appendix or in the portions of the record to which our attention has been directed indicates that the absence of such a finding was made the basis of a motion in the trial court to recommit; see *Slater* v. *Burnham Corp. ante,* 791 [1976]; *Storer* v. *Anderson, ante,* 809 [1976]), preclude any contention that the defendant Van Noorden Company, Inc., is entitled to recover damages or was entitled to rescind or terminate the lease (as to which consider also *Barry* v. *Frankini,* 287 Mass. 196, 199-200 [1934]). This is not a case of an innocent misrepresentation; on the master's findings it is a case of no misrepresentation at all. The subsidiary findings that the plaintiffs warranted that the copy of the lease they furnished to the defendant E G & G, Inc., was "a true and complete copy" and that the lease amendment provided that "[e]xcept as specified herein the Lease is hereby continued and confirmed upon the terms and conditions therein set forth" do not require an inference that the plaintiffs made a misrepresentation, and are not in conflict with the general findings mentioned. Compare *Bills* v. *Nunno, ante,* 279, 281-282 (1976). The plaintiffs' bill cannot reasonably be interpreted as having admitted the truth of the contentions made in the Van Noorden Company, Inc., letter attached thereto. Contrast *H.P. Hood & Sons, Inc.* v. *Whiting Milk Co.* 345 Mass. 287, 288 (1963). 3. There is nothing in the master's findings which justifies the defendants' contention that the lease was terminated by an agreement, express or implied, amounting to a surrender of the premises. *Cassidy* v. *Welsh,* 319 Mass. 615, 618-619 (1946), and cases cited. *Bandera* v. *Donohue,* 326 Mass. 563, 565 (1950), and cases cited. The plaintiffs' receipt of the keys, without more, did not show such an agreement. Compare *Taylor* v. *Kennedy,* 228 Mass. 390, 393 (1917); *Bandera* v. *Donohue, supra,* at 564. Contrast *Randall* v. *Rich,* 11 Mass. 494, 495 (1814); *Taylan Realty Co. Inc.* v. *Student Book Exchange, Inc.* 354 Mass. 777 (1968). Nothing in the master's findings supports the defendants' contention that the plaintiffs entered the premises for the purpose of terminating the lease. *Cassidy* v. *Welsh, supra,* at 618. 4. As the lease was not terminated, the plaintiffs had no obligation to seek new tenants to mitigate the defendants' damages for unpaid rent. *Fifty Associates* v. *Berger Dry Goods Co. Inc.* 275 Mass. 509, 514 (1931). 5. Article II (10) of the lease did not empower the lessee Van Noorden Company, Inc., to terminate its obligation to yield up the premises in good repair at the end of the term by unilateral abandonment during the term. The words, "or at the expiration of its occupation of the . . . premises," are to be read with the words, "and

for such further time as the Lessee . . . shall hold the . . . premises . . . ."
The lease not having terminated, the risk of damage to the premises
remained on the lessee after abandonment.

*Judgment affirmed.*

*Morris M. Goldings* (*Kenneth H. Tatarian* with him) for the defend-
ants.

*Bernard A. Dwork* for the plaintiffs.