RAYMOND V. SCALESSE *vs.* DAVID SIEGEL. February 28, 1977. In this action brought by a former tenant to recover monies advanced to his former landlord pursuant to a lease and an "Addendum to Lease" the trial judge found for the plaintiff in the sum of $3,100. The defendant appeals. 1. The judge's finding that a substitution of tenants was accomplished, and thus that there was a surrender of the lease by operation of law, was not erroneous. Although the testimony on the point was conflicting, the judge could have found that, after preliminary negotiations with the new tenant, the landlord instructed the former tenant to give the keys to the landlord's agent for delivery to the new tenant on the expectation that a new lease would be executed soon thereafter. In fact, the new tenant took possession of the premises (a restaurant) immediately; although a new lease was never executed, the new tenant took possession as a tenant at will. Contrast *Epstein* v. *Gurney,* 313 Mass. 255, 256 (1943), *Bandera* v. *Donohue,* 326 Mass. 563, 565-566 (1950), *Anapolle* v. *Carver,* 327 Mass. 344, 346 (1951), and *Cantor* v. *Van Noorden Co. Inc.* 4 Mass. App. Ct. 819 (1976), with *Washington & Devonshire Realty Co. Inc.* v. *Freedman,* 263 Mass. 554, 557-558 (1928), *Walker* v. *Rednalloh Co.* 299 Mass. 591, 595, 597-598 (1938), and *Taylan Realty Co. Inc.* v. *Student Book Exch. Inc.* 354 Mass. 777 (1968). As the lease was terminated by surrender rather than by entry of the landlord following notice of termination or breach of certain conditions specified in the lease, the indemnification provision of the lease never became operative. See *Priestley* v. *Sharaf's, Inc.* 4 Mass. App. Ct. 218, 221-222 (1976). 2. There was no error in the judge's ruling that the $5,000 advanced by the former tenant pursuant to the "Addendum to Lease" could be applied toward the former tenant's rental obligations. Since it was undisputed that the security deposit called for under the original lease was never paid, evidence of the parties' intentions concerning the "Addendum to Lease" was properly admitted; the meaning of the two written instruments had become doubtful in their application to the transactions between the parties. See *Snider* v. *Deban,* 249 Mass. 59, 61 (1924). See also *Antonellis* v. *Northgate Constr. Corp.* 362 Mass. 847, 849-851 (1973). 3. As the obligations of the former tenant ceased at the time the new tenant took possession of the premises, it follows that there was no error in dismissing the landlord's counterclaim against the former tenant.

*Judgments affirmed.*

The case was submitted on briefs.
*Ann-Louise Levine & Richard C. Driscoll, Jr.,* for the defendant.
*Edward L. Richmond* for the plaintiff.