LoConto, P.J.
Aggrieved by the judgment in the Southern Berkshire District Court, the defendants commenced an appeal pursuant to Rule 8B of the Dist./Mun. Cts. R. A D. A.
The facts and issues necessary to an understanding of the appeal, as taken from the agreed statement of the case, are as follows. On or about June 17,1995, Karen E.A. Stavert, plaintiff (landlord), and David Alden, Suzanne Alden, Eugene Grahn and Angela Moro Grahn, defendants (tenants), signed a one year lease. The monthly rent of $1,100.00 was paid on or about the 15th of June, July, August, September and October, 1995. After the Grahns vacated the premises in October, 1995, the Aldens offered to stay at a reduced rent of $800.00 per month. Receiving no reply from the plaintiff, the Aldens notified the plaintiff of their intent to vacate the premises as of January 1,1996. On or about January 10,1996, Mr. Miller, acting as agent for the plaintiff, inspected the premises and accepted the keys from the defendants. On February 7,1997, the plaintiff brought a complaint seeking the unpaid rent. After trial held on June 3,1998, the trial judge found that the plaintiff took minimal steps to secure renters which the court ruled “was not the use of reasonable precaution to reduce [plaintiffs] losses.” However, the court further ruled that the landlord was under no obligation to mitigate losses for any rent due prior to the termination of the lease on June 17, 1996, and entered judgment for the unpaid rent plus costs, interests and attorney’s fees.
During a hearing on the defendant’s motion entitled, motion for reconsideration and for judgment, it became apparent that the lease had been altered, although when the alteration occurred was in dispute. The challenged alteration concerned the date after which the parties could terminate the lease upon three months written notice. After a subsequent hearing, the trial judge found that neither party was able to offer any testimony as to when the amendment was made and confirmed his original finding “that the handwritten amendment to the lease was made at, or prior to, the signing of the lease by the defendants.” The defendants are aggrieved by the trial judge’s rulings (1) that the plaintiff was not obligated to mitigate the rental loss and (2) placing the burden of proof on the defendants to prove that the lease was altered subsequent to its signing by the defendants.
Duty to Mitigate Damages. The duty of the landlord to mitigate damages arises only after an effective termination of the lease. Security Systems Co. v. S.S. Pierce Co., 258 Mass. 4 (1926); see also 34 H. STAVISKY & J. PERKINS, LANDLORD AND TENANT §1069, footnote 1, at 40 (1993). Termination requires an affirmative showing that the landlord accepted the tenant’s surrender. Bandera v. Donohue, 326 Mass. 563 (1950). “Whether there has been a consensual surrender of *182 leased premises upon an implied agreement between a landlord and tenant, or whether there has instead been a simple abandonment of the premises by the tenant, are customarily questions of fact for the trial court.” SFP, Inc. v. Hunneman & Co., 1992 Mass. App. Div. 141, 142. In Bandera, “the tenant’s surrender of keys to the leased premises, a written notice of the tenant’s intent to terminate the lease, and the landlord’s janitor’s subsequent use of the premises as a sleeping quarter was insufficient to constitute a surrender by operation of law.” Id. at 656, quoting H. STAVISKY & J. PERKINS, LANDLORD AND TENANT LAW §1069, footnote 6, at 40 (1993). What constitutes a surrender requires us to decide “whether as matter of law upon the findings made by the judge there were ‘any acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession of [the] demised premises [and which] amount to a surrender of a term by operation of law.’” Id. at 656, quoting Talbot v. Whipple, 14 Allen 177, 180, 96 Mass. 177. ‘The burden is upon the defendants to sustain this affirmative [defense], and the intent of the landlord to accept the surrender must be clearly shown.” Id. at 656. In the case at bar, the plaintiff did not respond to the Aldens’ offer on or about October 15, 1995, to pay a reduced rent. And although the plaintiffs agent did accept a return of the keys upon inspection of the premises on or about January 10,1996, such an act accompanied by an acknowledgment that the landlord would attempt to find someone to rent the premises, has been ruled ineffective to establish as a matter of law that a surrender has occurred. Anapolle v. Carver, 327 Mass. 344 (1951). The evidence and the law supports the judge’s ruling that the landlord in these circumstances was under no duty to mitigate the loss rent prior to a termination of the lease.
Alteration of Lease. The written lease entered into evidence between the parties was for a period of one year beginning June 17,1995. By its terms, the landlord or the tenants could terminate the lease by giving the other party at least three months written notice. This right to terminate could not be elected before March 16,1996. In essence, the lease by its terms could not be terminated. During a post judgment motion hearing, the defendants offered a copy of the lease that had an effective termination date of March 16,1995, three months before the agreement between the parties. In a subsequent evidentiary hearing, the trial judge made a finding that “neither Plaintiff nor Mrs. Alden was able to give any testimony as to when the amendment was made; therefore, the court confirms its finding of June 3rd that the handwritten amendment to the lease was made at, or prior to, the signing of the lease by the defendants.” The defendants suggest that the trial judge wrongfully shifted the burden of proof from the plaintiff to the defendant on the issue of proof of a term contained in the lease. We find there was no prejudicial error. The trial judge’s ruling on the post judgment evidentiary hearing served to affirm his original finding that the defendants vacated the premises in the month of December, 1995, and that they did so without effectively terminating the lease. There was no credible evidence that altered the court’s original decision.
Therefore, we order the clerk of the trial court enter an order dismissing the appeal.