ELMER W. LOCKE *vs.* BARTHOLOMEW J. FAHEY & another.

Suffolk.    October 3, 1933. — November 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant*, Termination of lease, Eviction. *Agency*, Existence of relation: between partners, between colessees.

A lease in writing of store premises to two partners contained a provision that the lessor might enter and expel the lessees for nonpayment of rent, but no covenant of indemnity or collateral agreement requiring the lessees in the event of such entry or upon any termination of the lease to pay to the lessor during the balance of the term of the lease the rent reserved or the difference between the amount of such rent and any lesser amount which might be received by him upon a reletting of the premises. During the term the defendants formed a corporation to which they transferred all the assets of the partnership. The partnership then was dissolved and its affairs liquidated. One of the former partners then sold all his interest in the corporation to a third person. Later, the second former partner, without the knowledge of or specific authority from the first, told the lessor that the corporation was going into bankruptcy and that he desired the lessor "to make an effort to secure some other tenant for the premises described in the lease in order to reduce the liability to the" lessor. The lessor took possession of the leased premises and admitted a new tenant as a tenant at will at a rental less than that called for by the

lease, and sought by an action against the lessees to recover the difference in the amounts of rent. A verdict was ordered for the first former partner. *Held*, that

(1) The plaintiff's reletting and delivery of possession to his tenant at will was necessarily an assumption of absolute control of the premises which excluded the first of the former partners from possession and as to him terminated the lease and barred any claim thereunder against him for rent thereafter accruing;

(2) Authority of the second former partner to bind the first by the agreement as to reletting did not exist by virtue of the former partnership;

(3) No such authority could be implied from the relationship of colessees between the former partners;

(4) The right of the first former partner to treat the plaintiff's entry and reletting as an eviction was not changed by the agreement made by the other former partner;

(5) The verdict properly was ordered for the first former partner.

CONTRACT for rent of a store property. Writ in the Municipal Court of the City of Boston dated July 20, 1932, originally against Bartholomew J. Fahey only, and afterwards amended by adding Joseph P. Lydon as a defendant.

On removal to the Superior Court, the action was tried before *Morton*, J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant Fahey. The plaintiff alleged exceptions.

*A. J. Gorey*, for the plaintiff.

*H. Bergson & J. J. Walsh*, for the defendant Fahey, submitted a brief.

DONAHUE, J. The plaintiff has brought suit for rent under a written lease for the term of four years given by him to the defendants in April, 1929. The declaration alleges that the defendants have failed to pay rent as provided in the lease during a fourteen months' period beginning with the month of June, 1931, and ending with the month of July, 1932. At the trial, which was in the Superior Court before a jury, the plaintiff did not contend that he was entitled to recover rent for that period at the full monthly rate of $100 stated in the lease. He took possession of, and relet, the premises prior to June, 1931, and during the period in question received rent from his new tenants who were tenants at will. The plaintiff's contention now is that he is entitled to recover the difference

between the amount of rent for the fourteen months stated in the declaration computed at the monthly rate provided in the lease and the amount which during that period he actually received as rent from his new tenants. The answer of the defendant Fahey included allegations of surrender of the premises and acceptance by the plaintiff and of termination of the lease prior to June, 1931.

The defendants were partners when the lease was made in April, 1929, and thereafterwards operated a store on the premises demised. In July of that year they formed a corporation to which was transferred all the assets of the partnership, which was then dissolved. The defendant Fahey in July, 1930, sold all his interest in the corporation to one Atkinson. The defendant Lydon, in January, 1931, told the plaintiff that the corporation was going into bankruptcy and that he "desired the plaintiff to make an effort to secure some other tenant for the premises described in the lease in order to reduce the liability to the plaintiff." The foregoing evidence of what Lydon told the plaintiff was excluded as to the defendant Fahey, and the plaintiff excepted. Lydon thereafterwards sent one or two prospective customers to the plaintiff. A verdict for the defendant Fahey was directed and to this the plaintiff excepted. The plaintiff's bill of exceptions brings to this court that exception and the above exception to the exclusion of evidence.

On the evidence which was admitted against the defendant Fahey, the verdict in his favor was rightly directed. The lease contained a provision that the lessor might enter and expel the lessees for nonpayment of rent. It contained, however, no covenant of indemnity or collateral agreement requiring the lessees, in the event of such entry or upon any termination of the lease, to pay to the lessor during the balance of the term of the lease the rent reserved or the difference between the amount of such rent and any lesser amount which might be received by him upon a reletting of the premises. (Compare *Woodbury* v. *Sparrell Print*, 187 Mass. 426; *Edmands* v. *Rust & Richardson Drug Co.* 191 Mass. 123.) The plaintiff's reletting and delivery of possession to his tenants at will was necessarily

an assumption of absolute control of the premises which excluded the defendant Fahey from possession. In the absence of any agreement in addition to those contained in the lease, upon the failure of the lessees to pay rent the plaintiff had the option to allow the lease to continue in effect or to terminate it. On the evidence admitted against the defendant Fahey, it is not to be assumed that the reletting of the premises by the plaintiff was unlawful; and there was a lawful reletting only if it followed an entry for the nonpayment of rent, or if there had been a surrender by operation of law. In either event there was a termination of the lease with the result that any claim of the plaintiff against Fahey, for rent thereafter accruing according to the terms of the lease, was barred. *Sutton* v. *Goodman,* 194 Mass. 389, 394. *Fifty Associates* v. *Berger Dry Goods Co. Inc.* 275 Mass. 509, 514. *Caruso* v. *Shelit,* 282 Mass. 196, 199.

The exclusion, so far as Fahey was concerned, of certain of the testimony of Lydon was in effect a ruling that the evidence did not warrant the finding that Lydon had authority to bind Fahey by the arrangement with reference to entry and reletting which, it might be found, was made with the plaintiff. If he had such authority, the evidence should have been admitted against Fahey; if he did not, the plaintiff was not harmed by its exclusion. So far as the liability of Lydon was concerned, the entry and reletting, being at Lydon's request and with his consent, did not free him from obligation with regard to the payment of rent in the future. The effect of that arrangement with respect to Lydon was to add to the contract expressed in the lease an obligation to indemnify the plaintiff for loss, in the event of his entry and reletting, through inability to rent the premises for the remainder of the term of the lease at the rental therein stated. Authority in Lydon to bind Fahey by such new arrangement did not exist by virtue of their former partnership. That had been dissolved eighteen months before the agreement was made by Lydon with the plaintiff. At the time the agreement was made the plaintiff knew that a corporation had been formed and

was then occupying the premises demised by the lease. The dissolution of the partnership terminated the authority of Lydon to bind Fahey by such an arrangement since it was not "necessary to wind up partnership affairs" or "to complete transactions begun but not then finished" during the existence of the partnership. G. L. (Ter. Ed.) c. 108A, §§ 33–35. *Cady* v. *Shepherd*, 11 Pick. 400. The agreement had nothing to do with winding up the affairs of the partnership which had long before been liquidated. It was not a compromise or settlement of an existing liability to pay rent for it does not appear that there was at the time any fixed claim for rent due. *Towle* v. *Commissioner of Banks*, 246 Mass. 161, 167. It was not the completion of a transaction begun before the dissolution of the partnership; it was, rather, an entirely new agreement creating an obligation of indemnity with reference to future rent which did not exist under the terms of the lease. Under the contract expressed in the lease the lessees, in the event of an entry and reletting by the plaintiff without their consent, might treat such acts as a termination of the lease, freeing them from further obligation to pay rent. Under the agreement made by Lydon there would be no such right.

The only relationship existing between Lydon and Fahey at the time the agreement was made with the plaintiff was, as the plaintiff knew, that they were colessees. That agreement did not contemplate occupancy by them. It authorized an entry and a reletting to others by the plaintiff. There was no evidence that Fahey had given to Lydon any specific authority to make the agreement or that Fahey had at the time knowledge that it had been made. Their relationship as colessees in the circumstances appearing gave Lydon no implied authority to bind Fahey and thus without consent to defeat his right to treat an entry and a reletting by the plaintiff as a termination of the obligation to pay rent. *McInnes* v. *Stuart*, 267 Mass. 212, 216, 217. *Harford* v. *Taylor*, 181 Mass. 266. *Bergland* v. *Frawley*, 72 Wis. 559, 563. *Williams* v. *Vanderbilt*, 145 Ill. 238. *Hooks* v. *Forst*, 165 Penn. St. 238. While Lydon might

surrender his own interest in the lease on any terms he chose, he had no authority to make his colessee Fahey a party to a new contractual obligation the terms of which were essentially different from those in the lease. *Woodbury* v. *Sparrell Print*, 187 Mass. 426, 431. *Harford* v. *Taylor*, 181 Mass. 266. The right of Fahey to treat the plaintiff's entry and reletting as an eviction was not changed by the agreement made by Lydon.

Since the evidence of Lydon in no way affected the rights of the plaintiff or of Fahey in the present suit there was no error in its exclusion as against Fahey.

*Exceptions overruled.*