Morton, J.
This is an action of contract upon a written indenture of lease, executed by and between the parties hereto to recover damages under the circumstances hereinafter set forth. The answer was a general denial, payment, affirmative defences, and a claim of recoupment.
The evidence tended to show, and the trial court found as a fact, that on November 11,1933 the parties entered into a written indenture of lease of certain premises for a term of ten months from December 1, 1933 at a rental of $60 per month. The actual rental for this;period was $40 per month which was duly paid by the defendant and, for some reason not set forth in the report, the plaintiff gave a receipt to the defendant for an amount which, together with the rent *285 actually paid, was equivalent to the sum of $60 per month. The lease provided that it should continue in force from year to year from the first day of December until one of the parties should, on or before the first day of August in any year, give to the other party written notice of intention to terminate the lease. No written notice was given by either party prior to August 1, 1984, but some time thereafter the defendant gave a notice that he intended to terminate the lease and vacate the premises on October 1, 1934. The plaintiff notified the defendant that the notice was too late, and that he would hold him to the lease, to which no reply was made by the defendant. Probably upon the assumption that the defendant meant what he said, the plaintiff entered into a written indenture of lease with another party for a term of eleven months from November 1, 1934 at a reserved rental of $60 per month. As stated in the report:
“In order to make the rental for the said first eleven months period the sum of Forty-five Dollars ($45.00) per month as agreed between the plaintiff and Durkin, the plaintiff executed a receipt of One Hundred and Sixty-five Dollars ($165.00), to be applied at the rate of Fifteen ($15.00) Dollars per month on account of said rent. No money was paid to the plaintiff for this receipt and the same was purely an arrangement to make the monthly rental at the rate of Forty-five ($45.-00) Dollars, as agreed during the first eleven months period of said lease.”
the amount actually paid by the second lessee was $45 per month. This action is brought to recover the difference between the rental reserved in the defendant’s lease and the amount of rent actually paid by the second lessee for a period of eleven months, or a total of $165.
It further appeared in evidence that the plaintiff sued this defendant for $60 for rent for the month of October, 1934, as reserved under the terms of the lease between these *286 parties, and recovered judgment therein. The defendant filed numerous requests for rulings, all of which were denied, raising issues as to the right of the plaintiff to recover under various of the facts above set forth. It seems unnecessary to refer to these requests in detail.
The judgment in the second suit, above referred to, was res judicata as to the amount of rent reserved in the lease, and as to the fact that the lease was in force during the month of October, 1934. The defendant contends that the prior judgment was not res judicata and cites two cases in support thereof, quoting from one in his brief as follows:
“In subsequent proceedings which are independent of the original suit, the judgment pleaded as an estoppel only as to those matters which are put in issue and determined.”
The true rule is stated in Cleveland v. Malden Savings Bank, 1935 A. S. 1685 at page 1688 where Mr. Chief Justice Rugg says:
“It is contended that the report is admissible on the doctrine of res judicata. A judgment on the merits in an earlier proceeding between the same parties is a bar, as to every issue that in fact was'or in law might have been litigated, to a later proceeding on the same cause of action.”
Applying this rule to the instant case, the judgment in the prior action was res judicata as to the amount of rent reserved and as to the fact that the lease was in force in October of 1934.
The provision as to the continuance of the lease in force in the absence of a written notice given by either party to terminate the same was a valid provision. In Israel v. Beale, 270 Mass. 61 the court, in referring to a similar provision in a lease, says at page 64:
“No notice to terminate the lease having been given, it was in force on the death of Miss Aldrich.”
*287 In the instant case, a notice not having been given, the lease continued in force for one year from the first day of December, 1934 at a rental of $60 per month as provided for therein, notwithstanding that it was the intention of both parties thereto that the actual rent to be paid for the first ten months was $40 a month.
As the lease in question provided that in case of the termination thereof for breach of condition the lessee shall indemnify the lessor for all loss or damage occasioned thereby, the plaintiff would have not only a right, but a duty, as hereinafter explained, to make reasonable efforts to secure another tenant for the demised premises in order to reduce thereby the amount of damages to be recovered from this defendant. Locke v. Fahey, 288 Mass. 341. As soon, therefore, as the defendant indicated his intention to vacate it was proper for the plaintiff to rent the premises to another party. After giving notice of his intention to vacate, the defendant was in the same situation as the lessee — defendant in Woodbury v. Sparrell Print, 198 Mass. 1. There at page 9 the court says:
“... it chose to abandon the premises and default as to the rent, giving to the plaintiffs the right to terminate the lease.”
"With reference to the duty of the lessor under such circumstances the court says at page 8:
“Upon this question the judge ruled in substance that the plaintiffs owed to the defendant the duty to use reasonable diligence and to make the loss of damage to the defendants as light as they reasonably could. As a statement of a general rule applicable to cases like this, the ruling was correct.”
The same case holds that if the lessee desired to raise the issue that the lessor did not use due diligence in an attempt to relet the premises he should set this up as an affirmative defence, and then the burden of establishing such diligence *288 would be upon the plaintiff-lessor. In the instant case, instead of establishing such an issue by his answer, the defendant contends among other things that “the' plaintiff in so doing took control and use of the premises as his own without thought of the rights of the defendant.” Thus in the absence of an affirmative defence of want of due diligence, and in the absence of any evidence as to bad faith, the trial court would be warranted in finding, as he probably did, that the plaintiff was reasonably diligent in his attempt to relet the premises.
Although the rent reserved in the second lease was greater than the rent which, it was intended between the parties thereto, should be paid, the amount actually paid is the determining factor upon the issue as to the amount due the plaintiff, in the absence of evidence of a lack of good faith or due diligence on the part of the lessor. Upon the facts reported and the authorities hereinbefore cited, the finding for the plaintiff and in the amount found was warranted, and there was no prejudicial error in the disposition by the trial court of the requests for rulings filed by the defendant. In consequence thereof an order will be entered dismissing the report.