MAX ANAPOLLE *vs.* IRVING CARVER & another.

Suffolk.   April 4, 1951. — May 4, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Surrender.   *Evidence,* Presumptions and burden
of proof.

In an action for rent under a lease, the defendant had the burden of
proving that there had been a surrender.

A finding, that there had been a surrender of premises leased under a
lease providing that upon an assignment for the benefit of creditors
by the lessee the lessor might repossess the premises and terminate the
lease, was not required by certain evidence of a return of the keys of
the premises by the lessee to the lessor's agent and the agent's taking
possession of the premises following such an assignment, of conversa-
tions between the agent and the lessee concerning the agent's taking
possession and concerning rerental of the premises, of efforts by the
agent to rerent them, and of demands by the agent on the lessee for rent.

CONTRACT.   Writ in the Municipal Court of the City of
Boston dated March 2, 1950.

The action was heard by *Zottoli,* J.

*J. M. Cohen,* for the defendants.

*S. Weinberg,* for the plaintiff.

SPALDING, J.   Under a written lease dated March 1,
1947, the defendants became tenants· of five stores owned
by the plaintiff.   The lease provided that "if the lessee
shall . . . [make] any assignment . . . of his property for
the benefit of creditors, then . . . the lessor . . . may
immediately, or at any time, thereafter, and without de-
mand or notice, enter into and upon the said premises or
any part thereof in the name of the whole, and repossess
the same as of his former estate and expel the lessee and
those claiming under him . . . and upon entry as aforesaid,
the lease shall determine; and the lessee covenants that in
case of such termination he will indemnify the lessor against

all loss of rent and other payments which he may incur by reason of such termination during the residue of the time first above specified for the duration of the said term."

The present action was brought to recover rent alleged to be due under the lease. The judge found for the plaintiff, the Appellate Division dismissed the report, and the defendants appealed.

By agreement of the parties the only matter reported is that relating to the issue of surrender. The following is a summary of the evidence bearing on that issue. One Mitchell, who was authorized to act for the plaintiff in all matters touching the property in question, testified that the defendants paid the rent for the months of March, April, May, and June, 1947; that on or about June 15, 1947, he visited the premises and observed a sign advertising an auction sale; that a sale had taken place before his arrival; that he asked the defendant Irving Carver (hereinafter called the defendant) what it was all about and that the latter said, "Don't worry, Bob, everything is all right, we will talk the matter over later"; that soon afterwards he talked the matter over with the defendant and "he took possession of the premises at the request of the defendant, and under the terms of the lease, because there had been an assignment for the benefit of creditors"; that after he took possession of the premises according to his understanding with the defendant, he cleaned up the stores, had rental signs made, and caused advertisements to be placed in a Boston newspaper; that from October, 1947, until the end of the term he occupied one half of one of the stores as an office to facilitate the rerenting of the stores; and that from December 16, 1947, until March 14, 1948, the defendant occupied a part of the portion of the store occupied by the plaintiff and paid $25 per month as rent therefor.

On cross-examination Mitchell testified that the defendant told him soon after the auction sale that he would have to give up the stores and "would do everything to help

financially, and physically," and that signs should be made and he would pay the costs thereof. Mitchell further testified that at that time the defendant returned the keys to him; that he told the defendant that he would do what he could to rent the stores for him on his account; and that on July 1, 1947, the first store was rented. Mitchell also testified that on several occasions he made demands on the defendant for rent.

The defendant testified that he made an assignment for the benefit of creditors and that an auction sale in connection with the assignment took place in June, 1947; that he never had any conversation with Mitchell until two weeks after the sale; and that at that time he turned the keys over to Mitchell who accepted them, saying, "Don't worry about it, I will rent the place and take care of it, and I will call it quits."

The defendants presented four requests for rulings. The judge denied the first request and granted the others. The first request read: "The evidence is insufficient to warrant or support a finding for the plaintiff." If upon the evidence a finding for the plaintiff was permissible, there was no error in the denial of this request. *Hooper* v. *Kennedy*, 320 Mass. 576. The request was rightly refused. We are concerned here only with whether there was a surrender by operation of law, for there was no evidence of a surrender in writing. See G. L. (Ter. Ed.) c. 183, § 3. On this record the judge was not required to find that there was a surrender. The defendants had the burden of proof on this issue. *Caruso* v. *Shelit*, 282 Mass. 196, 199. As narrated above, Mitchell testified that when he received the keys from the defendant the latter said that he "would do everything to help financially," and that he (Mitchell) stated that "he would do what he could to rent the stores for the defendant on his account." On this version of what occurred the judge could have found that there was no surrender by operation of law, and he rightly refused the defendants' first request. *Roberts* v. *Wish*, 265 Mass. 179, 182. *Epstein* v. *Gurney*, 313 Mass. 255. *Cassidy* v. *Welsh*,

319 Mass. 615, 618–619,[1] and cases cited. *Nelson* v. *Thompson*, 23 Minn. 508. *Biggs* v. *Stueler*, 93 Md. 100, 111. *Auer* v. *Penn*, 99 Pa. 370. Inasmuch as the sole question reported and argued is that of surrender, we have not considered whether the ruling of the judge might also be rested on the indemnity provision contained in the lease. See *Locke* v. *Fahey*, 288 Mass. 341, 343–344.

*Order dismissing report affirmed.*

<hr>

[1] The judge made it plain that he believed Mitchell's version of the conversation, for in dealing with the defendants' fourth request, which asked for a ruling that a finding of surrender was warranted, the judge made the following ruling and findings: "Granted, but I do not so find. I disbelieve the testimony of the defendant on this issue in so far as it is not consistent with that given by the plaintiff's witness. I find there was no surrender."