Tiffany, J.
This is an action by the plaintiffs, Ciociola, as a tenant to recover treble damages from defendant, Clark, as landlord, in accordance with G.L. 186, § 15B. Robert L. Ciociola is an attorney at law representing himself and his wife and Clark is proceeding pro se.
The Ciociolas were tenants of Clark under a lease for a term from May 1,1980 through August 31,1981. The Ciociolas gave Clark a security deposit of $550.00 which Clark deposited in a separate account in a bank located in Castleton, Vermont, and, as indicated in the finding by the trial court, with the Ciociolas’ consent.
During the tenancy, on December 26, 1980, water pipes in the house burst after a freeze; however, it was not proved by a fair preponderance of the evidence by whose fault the pipes froze and burst.
From the trial court’s finding of fact, it was held that the premises were uninhabitable as of January 26, 1981 at which time the Ciociolas vacated the premises. The trial court made a finding “from all the credible evidence and rational inferences to be drawn therefrom” that the Ciociolas were entitled to the return of their security deposit in the amount of $550.00 plus interest at the rate of five percent (5%) from April 7,1980, but denied the treble damages. There was a finding in counterclaim for Clark in the amount of $258.06 for the sixteen days of January, the unpaid rent period when the Ciociolas occupied the premises.
Ciociola is aggrieved by the denial of his requests for rulings numbers 1 through 10, 12 and 14.
The report states that the landlord, Clark, deposited the tenants’ security in an out-of-state bank, contra to the provisions of G.L.c. 186, §15B(3)(a) which mandates deposit “in a separate, interest-bearing account in a bank located within the Commonwealth ... (emphasis supplied).” Clark’s failure to comply with this mandatory provision for the deposit of the security monies entitled the tenants not only to the immediate return of the security deposit under § 15B(3)(a), *186 but also to treble damages pursuant to §15B(7).[2]
The trial court found, however, that there was an actual consent by the Ciociolas to the deposit at its inception in the out-of-state bank. General Laws c. 186, §15B(8) states in relevant part that “any waiver by a tenant ... of any provision of this section shall be deemed to be against public policy and therefore void and unenforceable. ’ ’ The trial court thus differentiated between waiver and consent and determined on the basis of Ciociolas’ consent that Clark was not liable for § 15B(7) treble damages for her failure to comply with §§ 15B(3)(a) and (6)(a). Waiver is essentially unilateral, and by implication, the trial court’s finding of consent indicates a bilateral agreement between the parties. Consent involves an active acquiescence and an exercise of intelligence based upon knowledge of the significance of the act.
The trial court’s finding of consent indicates knowledge of this minor distinction between waiver and consent, but the legislative intent is clear. It is inescapable that Clark violated the provisions of G.L. 186, § 15B(3)(a) in depositing the security deposit in an out-of-state bank. It is obvious that the General Court, in specifically setting forth the non-waiver provision of G.L. 186, §15B(8), mandated the non-adherence to any provision of this section was against public policy. The logic behind the requirement of deposit in a bank located within the Commonwealth of Massachusetts is apparent and provides additional assurance to a tenant that the security funds may be reached by legal process.
If we were to construe the specific language of G.L. 186, § 15B(3)(a) as broadly as urged by Clark, we would be indulging in judicial legislation rather than statutory interpretation.
The denial of plaintiffs request for ruling of law number 1:
Upon all the evidence, plaintiffs are entitled to recover their security deposit plus treble damages, attorney’s fees, interest and costs because defendant violated G.L.c 186, §15B(3)(a) by failing to place plaintiffs’ security deposit in a separate, interest-bearing account in a bank located within the Commonwealth of Massachusetts’ as required,
was in error.
We concur with the contention of the Ciociolas that Clark did not comply with G.L.c. 186, § 15B(4)(iii). Nothing in the findings or reported evidence substantiates Clark’s allegation of damage by the Ciociolas to the property.
For the above reasons, we hold that the judgment of the district court allowing the plaintiff to recover the amount of $550.00 is to be set aside. An amended judgment should be entered allowing treble damages in the amount of $ 1,650.00 plus interest at the rate of five percent (5%) from April 7, 1980.
The judgment for the defendant, in her counterclaim against the plaintiffs in the amount of $258.06 for the occupancy of the premises for sixteen days in January, is affirmed.

So ordered.

General Laws c. 186, § 15B(7): “If the lessoror his agent fails to comply with clause (a) [fails to deposit such funds in an account as required by subsection (3)) of subsection (6), the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit or balance thereof to which the tenant is entitled plus interest at the rate of five percent from the date when such payment was due, together with court costs and reasonable atti mey's feo