Cowdrey, P.J.
This is an action in contract by the plaintiff-tenant to recover a security deposit, punitive damages and attorneys’fees for the defendant-landlord’s alleged violation of G.L.c. 186, § 15B.
The report evidence discloses that the parties entered into a rental agreement on July 7, 1981 pursuant to which the plaintiff paid to the defendant an intitial sum of $1,063.50, which represented one month’s rent, a cleaning deposit and a security deposit in the sum of $575.00.
The defendant issued two signed receipts to the plaintiff which simply recited the plaintiffs name; the address of the leased premises; and payments in the sum of $100.00 in cash and $963.00 in checks.
On July 7,1981, the defendant deposited the plaintiffs $575.00 Navy Federal Credit Union share draft in a Baybank Middlesex account entitled “Daley Real Estate.” On the same date, the defendant deposited the sum of $388.50 into a Commercial Bank & Trust Company account numbered 3003108 and entitled “Loretta Daley.”
On July 14,1981, the defendant deposited into the Commercial Bank “Loretta Daley” account the sum of $186.50. This deposit was comprised of $100.00 in cash and defendant’s check in the amount of $86.50 drawn on the defendant’s Baybank Middlesex “Daley Real Estate” account.
On October 2,1981, the plaintiff issued a written demand to the defendant for the immediate return of his $575.00 security deposit. As grounds therefor, the plaintiff stated that the defendant had failed to deliver a G.L.c. 186, § 15B(3)(a) security deposit receipt to the plaintiff and had failed to deposit the security monies in a separate,' interest-bearing account as required by statute. The defendant refused to return the plaintiffs security deposit.
The Commercial Bank & Trust Company “Loretta Daley” account was maintained continuously by the defendant from 1973 until October 7, 1981. No interest was credited to the account during this period, and monthly statements reflecting that fact were sent by the Bank to the defendant. On October 7,1981, the “Loretta Daley” account was renamed the “Loretta Daley Tenant Escrow Account.” Interest in the amount of $67.75 was credited to the account, retroactive to September, 1980. One James Boisvert, Commercial Bank & Trust Company Treasurer, testified that the defendant claimed in the fall of 1981 that the account in question should have been an interest-bearing, escrow account from its inception. Mr. Boisvert stated that as the Bank was “in the service *292 business and for the small amount of money we are talking about, we would refund the customer and make satisfaction to the depositer.” On November 17, 1981, the Bank issued a written confirmation letter to the defendant that her deposits of July 8 and July 14, 1981 had been to an interest-bearing account entitled “Loretta Daley, Tenant Escrow.”
At the close of the plaintiffs evidence, the trial court allowed the defendant’s motion for a directed finding. The court ruled:
“(a) That the defendant did not breach the State’s Security Deposit Statute, M.G.L.c. 186, S.15B (3)(a); and
‘ ‘ (b) That the plaintiff suffered no damages by defendant’s refusal to return his security deposit upon demand, and therefore, presented no prima facie case.”
1. The entry of a directed finding for the defendnat at the close of the plaintiff s case was error, as the reported evidence would sustain a finding for the plaintiff.
2. General Laws c. 186, s. 15B(3)(a) unequivocally states:
Any security deposit received by such lessor shall be held in a separate, interest-bearing account in a bank, located within the Commonwealth under such terms as will place such deposit beyond the claim of creditors of the lessor, including a foreclosing mortgagee or trustee in bankruptcy, and as will provide for its transfer to a subsequent owner of said property. A receipt shall be given to the tenant within thirty days after such deposit is received by the lessor which receipt shall indicate the name and location of the bank in which the security deposit has been deposited and the amount and account number of said deposit. Failure to comply with this paragraph shall entitle the tenant to immediate return of the security deposit.
The requirements of this statutory provision are mandatory, and nothing short of a strict compliance therewith will permit a landlord to retain a security deposit. Incomplete, good faith efforts by a landlord to comply are wholly inadequate; and a claim that the tenant has suffered no monetary damages will not absolve a landlord from liability in a case of this nature. We have recently stated that the compelling public policy which underlies G.L.c. 186, § 15B dictates a literal application of the terms of the statute. Ciociola v. Clark, 1983 Mass. App. Div. 185, 186. See also McGrath v. Mishara, 386 Mass. 74 (1982).
It is obvious from the reported evidence that the defendant failed to issue within thirty days the requisite G.L.c. 186, § 15B (3)(a) receipted notice to the plaintiff of a statutorily proper bank deposit of the security monies in issue. Such failure was per se a violation of § 15B (3)(a) which entitled the plaintiff to the immediate return of this security deposit.
Such statutory violation by the defendant-landlord was sufficient to permit a finding for the plaintiff herein, at least for a recovery of the security deposit in question. As the direction of a finding for the defendant at the close of the plaintiff’s case was thus improper, it is unnecessary to engage in a further analysis of this controversy. A new trial is in order.
3. The trial court’s finding for the defendant is vacated. This case is remanded for a new trial.