Banks, J.
This is a matter arising in the Waltham Division of the District Court Department in which the plaintiffs (hereinafter the lessees) sought recovery of their security deposit from the defendant (hereinafter the lessor) together with punitive damages pursuant to G.L.c. 186, § 15B. Recovery was awarded to the lessees in the amount of $3,000,00. (the amount of the security deposit together with punitive damages) and an additional $1,000.00 as attorneys’ fees. The lessor has appealed from this finding. .
The facts are simply stated. ( The lessees occupied residential premises owned by the lessor in Watertown under a lease executed in August, 1977. By its terms, the lease was to be self-renewable from year to year through the last day of August unless in any year either party notified the other, prior, to the first day of July, of their intention not to renew the lease beyond the last day of August of that year. There was no justice of non-renewal prior to the end of the original term on August 31, 1978. ,
In June of 1979, the lessees informed the lessor of their intention to vacate the premises by the end of June, 1979. The lessees did in fact vacate the premises by June 30,1979. On July 4,1979, the parties inspected the premises together; and on .the next day the lessees wrote to the lessor requesting the return of their security deposit “within the month.” The less.or responded promptly in writing to say that the July rent was past due and that he had no intention of “letting [them ] off the hook” for rent and other expenses through August 31,1979 unless he was able to obtain a new lessee or the lessees were able to arrange a sublet satisfactory to him. The lessees neither paid any further rent nor, as far as it appears from,the report, had any further contact with the premises until September or October of 1979 when the issues in this matter began to be joined.
By a letter dated September 27,1979, lessor’s attorney tendered a check and an itemization of deductions from the security deposit. Responding through their attorney, the lessees referred specifically to “your letter dated September 27, 1979,” disputed the accounting and thereafter brought this action. The additional fact which created the confusion and error in this’case is that on *14 July 10,1979, the lessor let the premises to a tenant at will whom the trial court found paid rent as of that date and entered onto the premises. The specific amount of that rent and the terms of this tenancy at will are not set forth in the report.
This action, it should be noted, was not brought for an accounting, but under a statute which heavily penalizes a landlord who, under certain circumstances, withholds a security deposit beyond the time prescribed in the statute for security deposit return. See, as to strict construction of § 15B, Buckley v. Daly, 1983 Mass. App. Div. 291, 292 and cases cited; Ciociola v. Clark, 1983 Mass. App. Div. 185, 186. Specifically, G.L.c. 186, § 15B(5) provides that:
the lessor shall, within thirty days after the termination of occupancy under a tenancy at will or the end of the tenancy as specified in a validly written lease agreement, return to the tenant the security deposit or any balance thereof.
In his request for rulings, the lessor asked the court to rule, in the exact language of the statute, that a lessor is not required to return a security deposit until thirty days after the specified date of termination of a lease. The response of the trial court to this request was:
Allowed, but I find lease no longer in effect after new tenant had been accepted by a landlord and is occupying and paying rent for premises.
Although couched in terms of a finding of fact, this response actually raises material questions of law as to the status of the plaintiffs under the statute and as to the effect of a termination, if any, of a lease under the statute. There are additional mixed questions of fact and law raised by the determination that a reletting of the premises ipso facto effected a termination of this lease.
The lessees alleged in their complaint that they were tentants at will and that the tender of the deposit in September was therefore beyond the statutory limit of thirty days from their vacating of the premises. The evidence related in the report in no way supports the allegations of the complaint that the plaintiffs’ status was that of tenants at will in 1979. If anything, it suggests that the trial court would have been warranted in finding specifically that they were not tenants at will. In any event, it is clear that the trial court did, in fact, find that the lease was in effect at the time the plaintiffs vacated the premises on June 30,1979. On this basis alone, the defendant was entitled to judgment since the plaintiffs failed to establish their standing to assert their claim under G.L.c. 186, § 15B(4) as tenants at will as alleged in their complaint.
Without, as far as the report and docket indicate, any amendment of the complaint, however, the matter proceeded to a decision based upon the provision of G.L.c. 186, § 15B(4) as it relates to tenants at will. In so doing, the parties and the court appear to have adopted the premise that any termination of a lease had the same effect as the vacating of premises by a tenant at will for purposes of establishing a claim under § 15B(4). This proposition is incorrect. The statute deals with tenants at will and lessees in entirely different ways. By the very explicit language of the statute, a security deposit of a lessee is to be tendered within thirty (30) days of the termination date specified in the lease, not the date upon which the lessees vacate nor any other date on which the lease may be said to have been terminated.
The termination date specified in the lease at issue herein was the thirty-first day of August. The defendant-lessor’s return of the security deposit to the lessees in September, 1979 was thus timely under G.L.c. 186, § 15B(4). A finding for the defendant should have been entered.
It may also be noted that to find a termination of a lease in circumstances *15 where there has been no express offer and acceptance of a. surrender, it is necessary to rely upon the doctrine of “surrender by operation of law.” This doctrine, based upon principles of estoppel, has been used in those cases where the silence or ambiguity of the parties has made it necessary to look to their actions to determine if a termination has been affected. See generally, Guaranty Bk. & Tr. Co. v. Mid-State Ins. Agency, Inc., Mass. Adv. Sh. (1981) 869, 871 -872; Anapolle v. Carver, 327 Mass. 344, 3346-347 (1951); Bandera v. Donahue, 326 Mass. 563, 565-566 (1950). This inquiry necessarily raises mixed questions of fact and law. A re-leasing of the premises would operate to terminate a lease by the lessor’s express written assent. It is far from clear, however, on the facts of this case that the letting of the premises to a tenant at will, rather than a new lessee, on terms conceivably different from those of the original parties’ lease would have, given the clear statement of the lessor, worked a termination of the lease by operation of law.
The finding of the court below is vacated. A finding for the plaintiffs is to be entered in the amount of the security deposit now owed, excluding punitive damages and attorneys’ fees.
The plaintiffs’ motion for attorneys’ fees and costs for this appeal, Mellor v. Berman, 390 Mass. 275 (1983), is denied.