Kelly, J.
Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64, the plaintiff in this case appeals from the decision of a trial judge denying him damages he allegedly sustained as a result of the defendants’ breach of a commercial real estate lease. For the reasons set forth in this opinion, this court affirms the decision of the trial judge.
Defendants, owners/operators of a printing and copying business, leased basement space from the plaintiff at 7 Liberty Square in Boston. The lease term began November 1,1985, and was to last five years. The rent was $1250.00 a month for the first thirteen months, $2500.00 a month for the next twenty-three months, and $3000.00 for the remaining twenty-four months of the lease. In addition, defendants were responsible under the terms of the lease for tax and operating expense escalations on the property.
On November 1, 1988, the rent increased to $3000.00- a month, based on this schedule. On December 1,1988, the defendants notified the plaintiff of their intent to vacate thepremises in January of1989. Thedefendantsallegedthatthelandlordfailed to provide adequate air conditioning and elevator service, amounting to constructive eviction. They also complained of insufficient space and parking problems.
Atthe trial, defendants testified that they had entered into anew lease on November 1,1988, for new space in East Bostonthatwas twice as large, half the rent, and included parking. However, by letter dated December 1,1988, the same date as the defendants notified the landlord of their intent to vacate, the plaintiff informed the defendants that he refused to accept the surrender of the premises. He further stated that he would hold the defendants liable for all costs associated with finding a new tenant for the space.
The plaintiff entered into a new lease, effective April 1,1989, with his first floor tenant for the basement space the defendants vacated. The new tenant planned to use the space for handicapped access and bathrooms for the restaurant on the first floor. The lease term was initially two years, with options to extend. The rent was $1625.00 a month, slightly more than half the rent charged to the defendants. In addition, plaintiff gave the new tenant thirteen months free rent on the basement, and one month free rent on the first floor.
The plaintiff presented expert testimony at the trial, in addition to his own *28 testimony, that these rent concessions were reasonable and not unusual in the slumping Boston real estate market Plaintiff testified that he was worried about the high vacancy rate in Boston, and whether he would be able to find a new tenant for the space. Plaintiffs expert testified that basement space, in particular, was difficult to rent.
The new tenant testified that the free rent was in consideration of the renovations she made upon the premises. She testified that these renovations, including installation of handicapped access ramps and elevator service, cost approximately $125,000. She testified that she would not have taken the space without the rent concessions.
The plaintiffs expert testified that the renovations would have little or no value in five years. In order for such improvements to have value, the basement and first floor would always have to be leased together, and always for restaurant space. The expert testified that, in her experience, new tenants in commercial space regularly perform partial or complete renovations of the premises.
The defendants did not pay rent after December, 1988. Plaintiff brought this action seeking to recover alleged damages of $89,597.99, including twenty-two months rent under the lease, taxes, operating expenses, clean-up costs, and costs and commissions associated with re-leasing the property.
The trial judge found for the defendants on all counts. The judge found that the defendants failed to prove they were constructively evicted by the plaintiff, and thus their failure to pay rent constituted a breach of the lease. However, the court held that the plaintiff s conduct in entering into anew lease for the basement space and allowing substantial renovations amounted to his acceptance of the surrender. Guaranty Bank & Trust Co. v. Mid-State Insurance Agency, Inc., 383 Mass. 319 (1981). Therefore, the court held that defendants were not liable for rent or other charges after March 31, 1989.
Further, the court found that plaintiff failed to mitigate his damages. The new tenant made improvements to the property valued at $125,000 to $200,000. The court found the expert testimony that these improvements would have little or no value in five years to be “totally lacking in credibility.” The court also did notfind the testimony credible that the plaintiffs concession of free rent for thirteen months to the new tenant was commercially reasonable. Rather, the court found that the plaintiffs concessions were to further the economic interests of the plaintiff. Thus, the court found that the plaintiff failed to mitigate his damages and was not entitled to damages from the defendants. Alternatively, the court found the value of the improved real estate exceeded any damages that the plaintiff allegedly suffered.

Discussion

The question for this court is whether the trial judge’s rulings of which the plaintiff complains contain prejudicial error. Dist/Mun. Cts. R. Civ. P., Rule 64(i). The Appellate Division will not disturb the trial judge’s findings of fact “unless clearly erroneous,” with due regard “to the opportunity of the trial court to judge the credibility of the witnesses.” Dist/Mun. Cts. R. Civ. P., Rule 52 (a). Thus, the question is whether the evidence supports the findings of the trial judge, and not whether, on these facts, this court would find differently.
In this case, there is ample evidence supporting the finding that the plaintiff accepted the defendants’ surrender of the premises by leasing the basement space to a new tenant, who performed substantial renovations. Further, the evidence supports the finding that the plaintiff realized more from these improvements than any damages the defendants allegedly owed him. It is particularly noteworthy that these improvements include renovation of the elevator service, one of the grounds of the defendants’ original claim for constructive eviction, later rejected by the trial court
The trial judge found that the plaintiff made the rent concessions “to further the economic interests of the plaintiff.” This is supported by the evidence that the new tenant would not have made the renovations without the rent concessions. The trial judge found the testimony that the improvements would have no value in five years *29 and that the rent concessions were reasonable lacked credibility. This court accepts the findings of the trial judge as supported by the evidence.
This court has reviewed the trial court’s findings of fact and responses to requests for rulings based on those facts, as well as the plaintiffs post-trial motions. We find there has been no prejudicial error, and therefore dismiss the report