Sherman, P.J.
This is an action in contract to recover rent allegedly due upon the defendant-tenant’s breach of a commercial lease.
Partial summary judgment upon the plaintiffs Dist/Mun. Cts. R. Civ. P., Rule 56 motion was granted based on the defendant’s admission that it was in breach of the parties’ commercial lease. The defendant denied, however, that the plaintiff was entitled to recover any damages on the grounds that the plaintiff either “accepted” the defendant’s “surrender” of the premises, or failed to mitigate its damages upon the alleged termination of the parties’ commercial lease.
At a hearing for the assessment of damages, there was evidence that the defendant-tenant, a division of Hunneman Real Estate Corporation (“Hunneman”), entered into a commercial lease for premises owned by the plaintiff, S.F.P., Inc.[3] The lease was for a five year term commencing August 31, 1988.
Hunneman alleged that it vacated the premises in June of 1989. The evidence tended to show only that the plaintiff became aware in September or October of 1989 that the premises had been vacated. Hunneman continued, however, to pay rent through the end of December, 1989.
In January, 1990, the plaintiff orally listed the premises for rent with three real estate agents, but did not enter into a written listing agreement with a broker until June, 1990. The premises in question were subsequently rented by the plaintiffs to Re-Max Hearthstone Realty, a company controlled by plaintiff Arthur Fosse’s nephew, for a rental equal to less than half of the rent previously paid by Hunneman. There was no evidence of bad faith or wrongdoing in connection with the Re-Max rental. Evidence was in fact introduced that rental marketconditions had materially worsened between the time of Hunneman’s execution of the lease at issue and the rental to Re-Max, and that the rent paid by Re-Max reflected the fair market value of the premises at the time of the Re-Max lease.
In response to Hunneman’s requests for findings of fact and rulings of law, the trial court found that the plaintiff had not accepted Hunneman’s alleged surrender of the subject premises in June of 1989; that Hunneman had in fact abandoned the premises as of the end of December 1989 when it stopped paying rent; and that the plaintiff had made some effort to relet the commercial premises prior to June, 1990.
The trial courtfound for the plaintiff in the amount of $82,041.81, plus interestfrom March 2,1990 and attorney’s fees of $2,500.00.
Defendant Hunneman now claims to be aggrieved by the court’s denial of its requests for findings of fact numbers 2,4 and 8; by the denial of its requests for rulings *142 of law numbers 1,2 and 3; and by the court’s response to requests for rulings numbers 5 and 6.[4]
1. Defendant’s request for findings numbers 2 and 8 and its requests for rulings numbers 2 and 3 demonstrate the defendant’s basic confusion as to the nature and consequences of a surrender of leased premises by operation of law. Such a surrender, when accepted by the lessor, absolves the lessee of any liability for rent becoming due and payable subsequent to the surrender. Security System Co. v. S.S. Pierce Co., 258 Mass. 4, 5 (1926). A lessor’s mitigation of damages is thus irrelevant where there has been aconsensual surrender. Moreover, there can be no termination of a lease by the lessee without the landlord’s assent. Commonwealth Investment Co. v. Fellsway Motor Mart, Inc., 294 Mass. 306, 314 (1936). Contrary to defendant’s requests 2 and 3, alandlord’s failure to seek a replacement tenant, even assuming such obligation existed, is the logical antithesis of the landlord’s consent to the original tenant’s lease termination and cannot rationally be deemed to constitute the acceptance of a surrender of the leased premises.
The burden of proof rested upon defendant Hunneman herein to establish the plaintiff-landlord’s clear intent to accept Hunneman’s alleged surrender of the premises in 1989. Bandera v. Donohue, 326 Mass. 563, 565 (1950). The report is, however, wholly devoid of any evidence of “acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to assume possession of demised premises... [emphasis supplied].” Carlton Chambers v. Trask, 261 Mass. 264, 267-268 (1927). The evidence indicates only that the plaintiff became aware in September or October of 1989 that Hunneman had physically vacated the premises. The plaintiffs mere knowledge that Hunneman had elected not to occupy the premises for a period oftimecannotbedeemedequivalentto its consentto Hunneman’s termination of the lease, particularly in view of the fact that Hunneman continued to honor the lease by paying rent through December of 1989.
*143 Whether there has been a consensual surrender of leased premises upon an implied agreement between a landlord and tenant, or whether there has instead been a simple abandonment of the premises by the tenant, are customarily questions of fact for the trial court. See Delconte v. Salloum, 336 Mass. 184, 188 (1957); Roberts v. Wish, 265 Mass. 179, 182 (1928). The reported evidence herein amply supports the court’s finding that there was no surrender by operation of law of the leased premises herein, and that Hunneman instead abandoned the premises when it stopped rent payments in December, 1989.
There was no error, therefore, in the court’s denial of Hunneman’s requests for findings numbers 2 and 8 and request for rulings numbers 2 and 3 which were inconsistent with the court’s valid subsidiary findings. Pemberton Sq. Operating Co. v. Lydon, 292 Mass. 63, 66 (1935). Request for ruling number 2 was also correctly denied as it improperly sought a mixed determination of fact, on the issue of surrender, andlaw, on thequestion of mitigation of damages. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944).
2. Defendant Hunneman’s second argument is an inherent contradiction based on both incorrect law and facts inconsistent with the reported evidence. The defendant argues that the plaintiff failed to find a new tenant in mitigation of its damages, and that its securing a new tenant constituted an acceptance of Hunneman’s surrender of the premises.
Contrary to the defendant’s contention, no duty is imposed upon a commercial landlord to mitigate damages by finding anew tenant unless there has been awrongful termination of the tenancy. Fifty Assoc. v. Berger Dry Goods Co., 275 Mass. 509, 514 (1931); Cantor v. Van Noorden Co., 4 Mass. App. Ct. 819 (1976). There was no termination of the lease herein as Hunneman abandoned the premises and ceased paying rent in breach of its commercial lease obligations. Second, the plaintiffs efforts to locate a new tenant to minimize its damages in no way amounted to an acceptance of a surrender of the premises or any other waiver of its right to proceed against Hunneman for the rent due under the parties’ five year commercial lease. Although under no duty to relet the premises, the plaintiff had a right to do so without releasing Hunnemanfromitscontractualobligations. Cassidy v. Welsh, 319 Mass. 615, 619 (1946). The cases mistakenly relied upon by Hunneman for a contrary proposition are factually inapposite.[5]
Finally, the plaintiff did in fact relet the premises, and the rent obtained from the new tenant was appropriately deducted from the total damages assessed against Hunneman.
The trial court thus properly denied defendant Hunneman’s request for finding of fact number 2 and requests for rulings of law 1,5 and 6 which were predicated upon incorrect propositions of law, see Snyder v. Rosen, 342 Mass. 116, 118 (1961), and were inconsistentwith the evidence introduced atthe assessment hearing. Perry v. Hanover, 314 Mass. 167, 176 (1943).
There being no error, the report is dismissed.

 Plaintiff Arthur Fosse is the designee of S.F.P., Inc. under the terms of the lease.

 REQUESTS FOR FINDINGS OF FACT:
“2. In June of 1989, the defendant surrendered possession of the aforesaid premises to the plaintiffs.
“Denied, in thatthe courtfinds thatthe defendant ceased paying rent atthe end of December, 1989 and abandoned the premises at this time, (emphasis supplied).
“4. The plaintiffs made little or no effort to relet the subject premises between June of 1989 and June, 1990.
“Denied.
“8. The plaintiffs by their conduct accepted the defendant s surrender of the subject premises in June of 1989.
“Denied.
REQUESTS FOR RULINGS OF LAW:
“1. The plaintiffs are under a duty to mitigate their damages. Goldstein v. Kelleher, 728 F.2d 32, cert. denied 469 U.S. 852, 105 S.Ct. 172 (1st Cir. 1984).
“Denied.
“2. The plaintiffs, by failing to actively obtain a replacement tenant for the defendant after the defendant surrendered possession of the premises in June of 1989, have failed to take sufficient steps to mitigate their damages.
“Denied, insofar as thecourtfound thatthe defendant abandoned the property, therefore, the duty to mitigate damages did not arise. Cantor v. Van Noorden Co., 4 Mass. App. Ct 819.
“3. Based upon the plaintiffs’ failure to mitigate their damages, the plaintiffs have accepted the defendant’s surrender of the premises in June of 1989. Atkinson v. Rosenthal, 1991 Mass. App. Div. 27 (1991).
“Denied, as contrary to the facts found.
“5. The plaintiffs are obligated to return to the defendant all monies paid by the defendantfor rent for the time period subsequent to June 30, 1989.
“Allowed, as a proposition of law, however, the court does not so find on the facts.
“6. The plaintiffs are not entitled to collect any monies from the defendant.
“Allowed as a proposition of law, however, the court does not so find on the facts.”

 In Guaranty Bank & Trust Co. v. Mid-State Ins. Agency, Inc., 383 Mass. 319 (1981), the plaintiff-landlord expressly agreed to the defendant-tenant’s surrender of the premises, financed the defendant’s acquisition of new commercial space, substantially altered the leased premises after the defendant moved without the defendant’s knowledge or approval and installed a new lockto which the defendant had no key. In Atkinson v. Rosenthal, 1991 Mass. App. Div. 27 (BMC Feb. 21, 1991), the landlord gave the new tenant thirteen months free rent in return for the new tenant’s major renovation of the leased premises valued at $125,000.00 to $200,000.00, which value exceeded any damages sustained when the defendant-tenant vacated the premises. The Appellate Division deferred to the trial court’s finding that the landlord accepted the defendants surrender to obtain the economic benefits to be derived from the new tenant’s rental of his property. Neither of these cases remotely resembles the operative facts in the case sub judice.