Wheatley, EJ.
This summary process case comes to us as an appeal under Mass. Dist./Mun. Cts. R A. D. A., Rule 8C. See also St. 1996, c. 358, §10. Because no electronic record of the proceedings was made, the parties have submitted an agreed-upon statement of the evidence, which, when supplemented with the courts findings of fact was approved by the trial judge. Id., Rule 8C(e). It is from this that we draw a factual view of the case.
The parties entered into a commercial lease on August 31,1998, the operation of which continued into 2001. Along the way they extended and modified the original one-year term to a tenancy at will, termination of which required “sixty days notice from the first of the month following the date of notice [of termination].” The rent was raised to $4,533.33 per month and the plaintiff (F & G) was holding a security deposit of $3,733. By letter dated July 25,2001, the defendant (Global) notified F & G that it intended to terminate the tenancy, vacate the premises by July 31,2001, and move into a commercial building it had purchased. At the time, Global was current with its rent, and had paid $4,533.33 as rent for the month of August After trial, on March 20,2002, the trial judge found in favor of F & G, the landlord, and awarded damages in the amount of $800, being the difference between the rental due for September, 2001 (the second full month in the termination period corresponding with the amended terms of the lease), $4,533, and an original security deposit “posted to the rent alleged to be owing,” $3,733, plus $3,310 for costs and attorney’s fees. We affirm the judgment of the trial judge.
Global argues that, even when viewed in the light most favorable to F & G, the evidence was insufficient as a matter of law to support the judge’s rulings on the rent claim, saying that there was an early surrender of the premises by Global that was accepted by F & G.[1] In order to avoid a judgment against it for rents due, the defendant has file burden of proving the existence of surrender of the tenancy by both the landlord and the tenant. Anapolle v. Carver, 327 Mass. 344, 346 (1951); SFP, Inc. v. Hunneman & Co., 1992 Mass. App. Div. 141, 142. In this case, there being no writing by F & G, the surrender must be shown to be by operation of law[2] and its proof depends on the intent of the parties. See Talbot v. Whipple, 14 Allen 177, 180-181 (1867) (Where tenant left premises with manifest intent to abandon, and landlord took possession with manifest design of accepting abandonment their acts amount to surrender.). Whether “there has been a consen *70 sual surrender of leased premises upon an implied agreement between the landlord and tenant, or whether that has instead been a simple abandonment of the premises by the tenant, are customarily questions of fact for the trial court” SFP, Inc., supra, at 143.
"... [A]n appeal to this Appellate Division is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial court’s rulings.” Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. (Citations omitted.) Questions of law are to be raised and preserved at a district court trial by the filing of requests for rulings before the beginning of closing argument Mass. R. Civ. P., Rule 64A(b)(2). See Stigum v. Skloff, 433 Mass. 1011 (2001). Here, Global filed fourteen proposed findings of fact and seventeen proposed rulings of law. Its requested rulings of law, however, are merely a continuation of its requests for findings of fact no one of which challenges the sufficiency of the evidence to support a finding for the plaintiff as Global is now attempting to do on appeal. Thus, Global presents here no question for appellate review.
The filing requirement under Rule 64A and case law is purposeful. The trial judge’s decision is a mixture of law and fact. In order to separate the two for examination on appeal, requests for rulings are necessary, so that an appellate court can determine the specific bases for the trial court’s decision.[3] Absent a request by the defendant-appellant for a ruling on the insufficiency of the plaintiff’s evidence or the sufficiency of the defendant’s evidence and the trial judge’s response, we would be unable to determine whether his decision is grounded in a misinterpretation of the basic law (a question of law), or an independent determination of facts that would otherwise render moot the defendant’s sufficiency argument.
Mass. R. Civ. P., Rule 52, relieves a District Court judge sitting on a jury-waived trial from making findings of fact.[4] Stigum v. Skloff, 2000 Mass. App. Div. 63. Consequently, a judge may, as in this case, because it is always beneficial to the parties in understanding how a decision is reached properly, make an ultimate finding of fact without delineating the subsidiary facts upon which it is based.[5] This method has been recognized for years, mainly because of District Court time constraints. *71 Here, if Global had filed a request for ruling challenging the lack of sufficiency of F & G’s evidence, and the judge either refused it or ignored it (similar to a refusal, Liberatore, supra, at 542) without more, Global could ask this court to examine whether or not as a matter of law, it had produced enough evidence to permit a finding and the issue could be resolved. If the judge, however, adds fact findings that he has made (known only to him until written), he can delineate contrary facts that render the issue of sufficiency irrelevant Without a request at the time of trial to cause the trial judge to make clear his understanding of the law, an appellate court would be unable to separate fact from law in his decision. Brodeur v. Seymour, 315 Mass. 527, 529-530 (1944); Leshefsky, administratrix v. American Employers’ Insurance Co., 293 Mass. 164, 166-167 (1936).
Global can achieve no more on the merits of its case. Global urges us to apply the standard used by trial courts in considering the basis for a motion for judgment notwithstanding the verdict or a motion for a directed verdict, that is, to determine if anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the non-moving party. In fact, the applicable standard here at the appellate level is far different. The decision of the trial judge here prevails, unless we determine that his findings are clearly erroneous, which we may do only when we are left with the definite and firm conviction that a mistake has been committed.” Mass. R. Civ. P., Rule 52, Reporter’s Notes - 1973, para. 3, citing United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948). ‘The rule emphasizes the ‘opportunity of the trial court to judge the credibility of the witnesses.’” Id., Rule 52, at para. 4.
Despite the amended termination clause delineated above requiring a minimum of 60 days, Global notified F & G by letter dated July 25, 2001 that it was terminating its tenancy and vacating the premises by July 31, 2001. This departure was prompted by Global’s purchase of a commercial building on Hancock Street, Quincy. Global did in fact substantially vacate on July 31.
The evidence that Global says points to the acceptance of this surrender by F & G is as follows. During the first week of August of 2001, the husband of a principal of F & G went to the premises. He observed that a magnetic card reading entry system to the premises had been removed and that the key lock on the door was unlocked. He entered and observed that some office furniture and equipment remained on the premises, and that a garage door was missing. The property manager was contacted and the premises were secured. Twice over the next several weeks and ending shortly after September 11, 2001, Global sought permission to enter the premises to retrieve equipment it had left behind. F & G allowed the access requested. Although Global intended to vacate on July 31,2001, it was up to date with its rent as of July and paid the rent of $4,533.33 for the month of August. The security deposit of $3,733 “has been posted to the rent alleged to be owing...” for September.
Global asserts that F & G’s locking of the premises is clear evidence that F & G accepted Global’s surrender of the premises. But there are reasonable interpretations of this activity that do not compel a finding of acceptance of the surrender. Because some of Global’s property remained there and a garage door and a lock set were missing, it was reasonable for F & G to secure the premises. The surrendering of the keys does not as a matter of law establish a surrender. Anapolle, supra, 346; Bandera v. Donohue, 326 Mass. 563, 566 (1950). The evidence indicates only that F & G became aware in August that Global had physically vacated the premises. “[F & G’s] mere knowledge that [Global] had elected not to occupy the premises for a period of time cannot be deemed equivalent to its consent to [Global’s] termination of the lease, particularly in view of the fact that [Global] contin *72 ued to honor the lease by paying rent through [August].” SFP, Inc., supra, at 142. Moreover, the trial judge’s findings incorporated as part of the agreed statement of facts, stated, in part, that,
[biased upon the evidence and inferences,... the securing of the property by F & G after Global vacated the premises was not inconsistent with a continued landlord-tenant relationship. F & G rejected Global’s notice to terminate, and it is this Court’s findings that it was not until the October rental period that F & G accepted Global’s surrender of the premises.
These are not findings that are clearly erroneous. Hence, we adopt them as facts in the case and as a rational basis for the trial court’s judgment. Global’s appeal is dismissed.
So ordered.

 In the event that F & G is successful on this appeal, Global disputes neither the amount of, nor F & G’s entitlement to, the attorney’s fees.

 G.L.c. 183, §3 provides that “[a]n estate or interest in land created without an instrument in writing signed by the grantor or by his attorney shall have the force and effect of an estate at will only, and no estate or interest in land shall be assigned, granted or surrendered unless by such writing or by operation of law.”

 The rule may have no practical application where the findings are agreed upon or purport to constitute all material subsidiary facts on which the decision is based. Murphy v. Crosby, 1 Mass. App. Ct. 402, 405-406 (1973). Such is not the case here.

 “In all actions tried upon the facts without a jury... the court may find the facts specially....” Mass. R. Civ. P., Rule 52(c) (Emphasis added).

 An exception to this approach is the instance in which a losing party requests a ruling on the sufficiency of the evidence. In that case, the trial judge should allow or deny it, and the judge is required to state his findings of fact that confirm that determination. DiGesse v. Columbia Pontiac Co., 369 Mass. 99 (1975), citing Bresnick v. Heath, 292 Mass. 293, 298 (1935) (“... [the appellant] was entitled to that ruling or to a statement of findings of facts showing that the requested ruling had become irrelevant”); and Rummel v. Peters, 314 Mass. 504, 517-518 (1943) (the appeal will turn on a question of law, “unless the contrary is demonstrated by specific findings of fact as distinguished from a mere assertion that unstated findings make the requested ruling immaterial”). See also Liberatore v. Town of Framingham, 315 Mass. 538, 542 (1944) (“... [the court] should make such findings, stated to be findings of fact upon all the evidence, as will show that his decision is not the result of any ruling that the evidence is insufficient as matter of law to warrant a finding in favor of that part.”). This exception applies alike to civil trials without jury in all courts notwithstanding any differences in the court rules, and particularly the differences in Rule 52(a). DeGesse, supra, at 106. “... [A]n argument may be made that in cases governed by the one-trial system, where District Court judges have all the ‘powers and duties’ of Superior Court judges when sitting in jury sessions, this includes the ‘duty’ to make findings in jury-waived cases as well.” Marc G. Rerun & John M. Connors, Handbook of Civil Procedure in the Massachusetts District Court, §14.53, n.143 (3d ed. 2003).